[Cite as *State v. Scott*, **2014-Ohio-456.**]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 13-CA-45 |
| ANTHONY A. SCOTT | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Licking County Court of
                            Common Pleas, Case No. 2012CR00244
                            and 2012CR00280


JUDGMENT:                   Affirmed


DATE OF JUDGMENT ENTRY:     February 7, 2014


APPEARANCES:


For Plaintiff-Appellee                    For Defendant-Appellant


KENNETH W. OSWALT                         CHARLES TYLER, SR.
Licking County Prosecutor                 1799 Akron Peninsula Rd.
                                          Suite 125
By: JUSTIN T. RADIC                       Akron, Ohio 44313
Assistant Prosecuting Attorney
20 S. Second Street, Fourth Floor
Newark, Ohio 43055

*Hoffman, P.J.*

{¶1}   Defendant-appellant Anthony Scott appeals his convictions entered by the Licking County Court of Common Pleas.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2}   On May 4, 2012, Appellant was indicted for possession of cocaine, in violation of R.C. 2925.11(B), a felony of the first degree; attempted murder, in violation of R.C. 2923.02(A) and 2903.02(A) and/or (B), a felony of the first degree; felonious assault, in violation of R.C. 2903.11(A)(2) and (D)(1)(a), a felony of the first degree; one count of trafficking in cocaine with a juvenile specification, in violation of R.C. 2925.03(A)(1)(C)(4)(b), a felony of the fourth degree; and one count of possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1), a first degree misdemeanor. Additionally, Appellant was indicted on a seven year firearm specification attached to Counts II and III, in violation of R.C. 2929.14(D) and 2941.142, a one year firearm specification attached to Counts I and IV, in violation of R.C. 2929.14(D) and 2941.141, and a forfeiture specification attached to Counts I-IV, in violation of R.C. 2941.1417 and 2981.02.

{¶3}   On May 18, 2012, Appellant was indicted in a separate case number for having weapons under disability, in violation of R.C. 2923.13(A)(3), a felony of the third degree. The indictments were then consolidated.

{¶4}   On April 23, 2013, Appellant filed a motion to dismiss for violation of his right to a speedy trial. Additionally, on April 30, 2013, Appellant filed a motion to suppress evidence.

---

[1] A rendition of the underlying facts is unnecessary for our resolution of this appeal.

{¶5} On April 30, 2013, Appellant appeared before the trial court for a change of plea hearing. At the change of plea hearing, in exchange for Appellant's plea, the State agreed to dismiss the firearm specifications associated with Counts I through IV and make a jointly recommended sentence of twelve years. Appellant agreed to withdraw his previously entered not guilty pleas, to enter *Alford* pleas to the remaining counts, and withdraw his pending motion to dismiss and to suppress. Tr. at p. 5-81.

{¶6} During the plea colloquy, the trial court asked Appellant if he had received the two *Alford* guilty plea forms presented to the trial court, if he had read them, discussed them with his counsel, if he understood them, and if he had, in fact, signed them. Appellant indicated an answer of yes to each question. Appellant told the court he did not have any questions, he acknowledged no one had threatened him or promised him anything in exchange for his pleas. The trial court informed Appellant of the maximum possible sentence it could impose, his ineligibility for judicial release, the possibility of post-release control, and the possibility of reincarceration should he violate the terms of post-release control.

{¶7} Following the colloquy, the trial court accepted Appellant's *Alford* pleas, finding them to have been freely, voluntarily and understandingly made. The trial court proceeded to sentencing.

{¶8} The trial court sentenced Appellant to a four year prison term on Count I, a five year prison term on Count II, a one year prison term on Count IV, and a thirty day jail sentence on Count V. The court merged Counts II and III for sentencing. The trial court ordered all counts to run consecutively. Appellant was granted 370 days of credit towards his sentence. The court also imposed a fine, suspended Appellant's driver's

license for three years, and imposed a mandatory five year period of post release control.

{¶9}   Appellant now appeals the sentencing entry entered by the trial court, assigning as error:

{¶10} "I. WHETHER THE DEFENDANT'S SPEEDY TRIAL RIGHTS WERE VIOLATED?

{¶11} "II. WHETHER THE DEFENDANT CONVICTIONS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE?

{¶12} "III. WHETHER THERE WAS SUFFICIENT EVIDENCE PRESENTED ON EACH OF THE CHARGES?

I, II, & III

{¶13} We shall address all three of Appellant's assignments of error together as we find their resolution is controlled by the same legal principle.

{¶14} At the outset we must resolve what plea Appellant entered.  Though not specifically identified as such in his brief to this Court, Appellant maintained during oral argument he entered *Alford* "no contest" pleas.  While this Court is quite familiar with an *Alford* guilty plea, in the 70 plus collective years of this panel's experience on the bench, we have never before heard of an *Alford* "no contest" plea.

{¶15} Appellant maintains the two plea forms he executed demonstrate he entered an *Alford* no contest Plea.  Upon our review of the original forms, we find it plausible Appellant intended to do so, although any intent is difficult to determine based upon the numerous interlineations of printed plea types; circlings of plea types; apparent attempts to retract some circlings; handwritten arrow symbols; handwritten "Alford

Guilty" and "Guilty"; and two additional separate sets of Appellant's handwritten initials near the area where all of the above changes were made to each of the two plea forms. The motion is further clarified/muddled by the use of two different colors of ink. While we believe the plea forms arguably support Appellant's claim he intended to enter an *Alford* no contest plea, we have no uncertainty as to what plea he actually entered during the change of plea hearing.

{¶16} We have reviewed the transcript and find the prosecutor specifically states the defendant will be entering an *Alford* guilty plea on three separate times (Tr. at p. 6). Subsequently, while engaging Appellant in a colloquy regarding the rights he was waiving, the trial court specifically identified the plea as an *Alford* guilty plea on three separate occasions. (Tr. at p. 10, 12, and 19). At no time during the sentencing hearing did Appellant or his counsel ever correct the prosecutor or trial court, or assert a misunderstanding as to the type of plea being entered.

{¶17} And of even greater significance is the fact the trial court's Judgment Entry unequivocally states it accepted Appellant's "Alford plea of Guilty."

{¶18} Based on the foregoing, this court finds Appellant entered *Alford* guilty pleas to the charges.

{¶19} "By Entering an *Alford* plea the defendant waives review of all alleged errors, except those errors that may have affected the entry of the plea" *State v. Baker* (7th District), 2013-Ohio-862.[2] This Court specifically held in *State v. Tucker* (5th District), 2008-Ohio-4986, the entering of an *Alford* plea has "the effect of waiving [a

---

[2] Appellant has not assigned as error any irregularity in the trial court's acceptance of his plea.

defendant's] right to appeal from the denial of his speedy trial motion." Id., at ¶10.[3] Because a guilty plea wives a defendant's right to challenge the sufficiency or weight of the evidence and an *Alford* plea has the same legal effect as a guilty plea, we find the Appellant has also waived those claims herein. See, *State v. McCann* (4th District) 2011-Ohio-3339, at 21: Kline, J. concurring.

**{¶20}** Appellant's three assignments of error are overruled.

**{¶21}** The judgment of the trial court is affirmed.

By: Hoffman, P.J.

Farmer, J. and

Wise, J. concur

---

[3] As noted earlier, it also appears Appellant agreed to withdraw the motion to dismiss as part of the plea agreement. It is clear he failed to object or otherwise challenge the prosecutor's representation he had so agreed.