JUDGES: Hon. Carol Ann Robb, Hon. Gene Donofrio, Hon. Cheryl L. Waite
OPINION
ROBB, P.J.
{¶ 1} Defendant-Appellant Anthony Diehl appeals from his plea entered in Harrison County Common Pleas Court for rape in violation of R.C. 2907.02(A)(1) and (B). Appellant raises three assignments of error in this appeal. All three assignments of error concern the type of plea he entered. During Appellant's plea colloquy, his plea was called an " Alford plea," a "no contest plea," and an " Alford plea of no contest." In the sentencing judgment entry the trial court called the plea, "a plea of 'No Contest' to the Indictment as amended pursuant to North Carolina v. Alford. " Appellant asserts this is an invalid plea and the trial court erred in accepting it. Appellant also argues his plea was not entered into knowingly, intelligently, and voluntarily because he did not subjectively understand the effects of the plea. This argument is premised on the plea being a hybrid Alford /no contest plea. Lastly, Appellant asserts he received ineffective assistance of counsel due to the nature of the plea.
{¶ 2} For the reasons express below, the assignments of error are meritless. The *1273 plea entered is a no contest plea with an assertion of innocence. The plea colloquy indicates the plea was valid as it was knowingly, intelligently, and voluntarily entered. The conviction is hereby affirmed.
Statement of the Case
{¶ 3} Appellant was indicted for rape of a person less than 13 years old, a violation of R.C. 2907.02(A)(1)(b) and (B), a first-degree felony. 5/11/15 Indictment. The charge contained the specification that the victim was less than 10 years of age. 5/11/15 Indictment. The specification subjected Appellant, if convicted, to a term of life imprisonment without the possibility of parole. R.C. 2907.01(B).
{¶ 4} Following Appellant's initial not guilty plea, the case proceeded through multiple pre-trial conferences. Eventually, the state and Appellant reached a plea agreement. 12/13/16 Plea. This occurred after at least two other plea offers were rejected by Appellant. Appellant rejected the May 2016 plea offer, and after initially agreeing to the August 2016 plea offer, Appellant changed his mind at the plea hearing and rejected it. 5/19/16 J.E.; 8/9/16 J.E.
{¶ 5} Pursuant to the accepted plea agreement, the state moved to nolle prosequie the specification, and the state and Appellant agreed to jointly recommend a 10 year to life sentence with the possibility of parole. The trial court granted the motion to nolle the specification and accepted Appellant's plea. The state gave a recitation of the facts and explanation of the circumstances, which included the Appellant's admission to the police and Appellant's DNA on the victim's underwear. Tr. 14. The trial court found Appellant guilty. Tr. 16.
{¶ 6} Sentencing occurred immediately after the finding of guilt. Tr. 16-25. The victim's parents were present, but declined to make a statement. Tr. 18. The state and Appellant jointly recommended 10 years to life with the possibility of parole. Tr. 18-20. The court followed the agreed recommendation and sentenced Appellant to life in prison with the possibility of parole after 10 years. Tr. 21; 12/13/16 J.E. Appellant stipulated to the Tier III sexual offender classification and the court advised him of his reporting requirements. Tr. 24.
{¶ 7} Appellant timely appealed the trial court's decision to accept his plea.
First Assignment of Error
"The trial court erred by accepting an invalid plea."
{¶ 8} Appellant argues he entered a "no contest plea pursuant to North Carolina v. Alford " and this is not a valid plea. In making this argument, Appellant also asserts it is difficult to conclude what plea Appellant entered because counsel for Appellant used the terms "no contest," " Alford plea," and "no contest plea pursuant to North Carolina v. Alford " throughout the plea hearing. The state counters, asserting Appellant entered an Alford plea and such plea was knowingly, intelligently and voluntarily entered. Alternatively, the state asserts even if the plea was not an Alford plea, the plea was valid and entered knowingly, intelligently, and voluntarily.
{¶ 9} Given the arguments, the issue presented is what plea was entered. Resolution of this issue requires this court to look to the hearing transcript and trial court judgment entries. State v. Scott , 5th Dist. No. 12-CA-45, 2014-Ohio-456, 2014 WL 545968, ¶ 13-18 (After reviewing transcripts and judgment entries, appellate court determined offender entered an Alford plea, not an Alford no contest plea for two reasons. First, the prosecutor and the trial court identified the plea as an Alford plea numerous times and appellant and his counsel did not correct them or assert *1274 misunderstanding as to the plea entered. And, second, the trial court's judgment entry unequivocally stated it accepted the Alford plea of guilty.).
{¶ 10} At the plea hearing, the state only referred to the plea as an Alford plea. Tr. 2. It did not use the words "no contest" or "no contest pursuant to Alford. "
{¶ 11} Defense counsel, however, used both no contest and Alford to describe the plea being entered. For instance, after the prosecutor informed the trial court Appellant would be entering an Alford plea, defense counsel admitted it was a correct recitation of the agreement, but then discussed both Alford and no contest pleas:
Yes, Your Honor. That's a complete and accurate recitation of the agreement between the parties. We've had these discussions. I've met with Mr. Diehl [Appellant] prior to coming to the court today. Early this afternoon went over this with him, met with him prior to coming into the courtroom here at the courthouse. He's reviewed the written waiver of jury trial and written plea of no contest. He understands that should he sign this document he would be entering an Alford plea or a no contest plea to a single count of rape, violation 2907.01(A)(1)(b). He understands exactly what the Alford plea is, what a no contest plea entails. He understands that while he's not admitting to a plea of guilty he is not contesting any of the facts and that he is entering this plea to limit his liability and exposure for potential enlarged incarceration time in this matter. With that, if the Court wishes to inquire of Mr. Diehl.
* * *
Court's aware both sides were prepared to go to trial on Wednesday. As the State has mentioned the victims are on board with this resolution. I have discussed this with my client. We were completely prepared to proceed on Wednesday, however, after the discussions with the State today my client realized that a plea of no contest to the indictment minus the specification was in his best interest. We feel that the State is on board, the victims are on board, we're on board. We're going to ask the Court to get on board with this and go along with the recommended sentence, life with the possibility of parole after 10 years. As the State has mentioned it's a just result. It's the proper result in this case and we would ask the Court to approve the recommendation.
Tr. 2-3, 20.
{¶ 12} Similar to defense counsel, the trial court also used both "no contest plea" and " Alford " language:
THE COURT: Do you understand that if you plead no contest to this offense you are not contesting the facts alleged in the indictment and the allegations contained therein?
THE DEFENDANT: Yep.
THE COURT: Do you understand that if you enter a plea of no contest and waive the presentation of evidence or the evidence is presented to the Court the Court can find you guilty and proceed to sentence you immediately?
THE DEFENDANT: Yes.
* * *
THE COURT: And in your case it would also be-do you understand if you plead no contest you are waiving all these important constitutional rights as well?
THE DEFENDANT: Yes.
THE COURT: Do you understand that you do not necessarily lose your right to appeal if you plead no contest?
THE DEFENDANT: Yes.
Tr. 7, 11-12.
*1275 {¶ 13} Following a brief statement of the facts by the prosecutor, the trial court continued:
THE COURT: The Court is satisfied.
And Mr. Diehl, you are not contesting that set of facts, is that correct?
THE DEFENDANT: No.
THE COURT: Do you understand that although you are maintaining your innocence if you plead no contest the Court can still find you guilty of this offense?
THE DEFENDANT: Yes.
* * *
THE COURT: And you can consult with your attorney on this but this is necessary for the Alford plea. What reasons do you have for entering a plea of guilty although you are claiming that you are innocent?
THE DEFENDANT: To minimize my possible exposure at sentencing.
THE COURT: All right.
Court will note for the record that we accept the statement of facts as relayed by the State of Ohio and Mr. Diehl's decision not to contest those facts.
Is your decision based in whole or in part upon fear of the consequences of jury trial and your desire to seek the lesser penalty by entering a plea at this time?
THE DEFENDANT: Yes.
THE COURT: The Court is satisfied that the Defendant has knowingly, voluntarily, and intelligently waived his right to a jury trial and entered an Alford plea of no contest to the charge of rape in violation of Section 2907.02(A)(1)(b) of the Ohio Revised Code, a felony of the first degree.
The Court accepts the State's withdrawal of the specification contained in the original indictment and proceeds without a specification.
The Court hereby based upon the recitation of facts finds the Defendant guilty of rape in violation of Section 2907.02(A)(1)(b) of the Ohio Revised Code.
Tr. 15-16.
{¶ 14} During the sentencing portion of the hearing, the trial court stated Appellant pled "no contest" and was found guilty. Tr. 17.
{¶ 15} In the judgment entries the trial court also used both "no contest" and "no contest pursuant to Alford. "
{¶ 16} One judgment entry is labeled, "Waiver of Jury Trial Plea of 'No Contest.' " 12/13/16 Waiver J.E. This judgment is a waiver of the right to a jury trial and a statement Appellant voluntarily entered a plea of no contest. The judgment refers to the plea as a "No Contest" plea. 12/13/16 Waiver J.E.
{¶ 17} The other judgment entry is the sentencing judgment entry. On the cover page the plea is labeled as a no contest plea. 12/13/16 Sentencing J.E. However, in the body of the judgment there are references to an Alford no contest plea:
Defendant, through Counsel, informed the Court that he desired to enter a plea of "No Contest" to the Indictment as amended pursuant to North Carolina v. Alford. The Court reviewed the significance of a plea of "No Contest" with Defendant. The Court advised Defendant that Criminal Rule 11 provides that a plea of "No Contest" is "not an admission of Defendant's guilt but is an admission of the truth of the facts alleged" in the indictment and further provides that upon receiving the plea of "No Contest" the Court "need not take testimony" and directs the Court to "proceed with sentencing." The Court specifically advised that Defendant would be found *1276 "Guilty" upon his plea of "No Contest" and Defendant acknowledged the same.
Defendant then submitted his written Waiver of Jury Trial and plea of "No Contest" pursuant to North Carolina v. Alford to RAPE in violation of Section 2907.02(A)(1)(b) and (B), of the Ohio Revised Code, a felony of the first degree . Defendant waived his right to the presentation of evidence.
The Court inquired of Defendant and determined that he understood the charge set forth in the Indictment, the potential penalties, including sex offender classification registration and the rights he was waiving. The Court found that Defendant knowingly, voluntarily and intelligently executed the Waiver of Jury Trial and Plea of No Contest and submitted same freely without threat, duress or promise and with full understanding of the consequences. The Court then accepted Defendant's Waiver of Jury Trial and Plea of No Contest and found Defendant guilty of RAPE in violation of Section 2907.02(A)(1)(b) and (B), of the Ohio Revised Code, a felony of the first degree .
12/13/16 Sentencing J.E.
{¶ 18} In addition to the state, defense counsel and the court, Appellant spoke at the hearing. However, he did not state what plea he was entering. He did not use the words "no contest," " Alford plea," or "no contest plea pursuant to Alford. "
{¶ 19} Considering all the above, we conclude Appellant entered a no contest plea with a claim of innocence. The plea entered is not considered an Alford plea because an Alford plea is a species of a guilty plea. State v. Griggs , 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 13. Defense counsel and the trial court clearly indicated Appellant was pleading no contest. Tr. 16; 12/13/16 Sentencing J.E. Admittedly, in entering and accepting the no contest plea, defense counsel and the court indicated the plea was an Alford plea or made pursuant to Alford. We hold the use of the word Alford to describe the no contest plea was merely an indication Appellant was proclaiming his innocence. Moreover, in addition to the use of the words "no contest" to describe the plea, the statements made by defense counsel during the plea colloquy coincide with a no contest plea, rather than an Alford plea because Appellant was not admitting guilt, was not contesting the facts, and was attempting to limit liability.
{¶ 20} We acknowledge appellate counsel argues entering a plea for the purpose of limiting liability is more in line with an Alford plea. We agree Alford pleas are used to limit liability; an Alford plea is usually entered as part of a plea deal to a lesser crime to limit incarceration time. However, a no contest plea also may be entered as part of a plea agreement under the same circumstances. Furthermore, a no contest plea cannot be used against an offender in a civil action, whereas, a guilty plea may be used in a civil suit against an offender. Therefore, seeking to limit liability does not mean Appellant was entering an Alford plea and not a no contest plea.
{¶ 21} Having found Appellant entered a no contest plea with a claim of innocence, we must next determine if such a plea is a valid plea.
{¶ 22} Appellant cites a 1999 decision out of this court for the position that an Alford no contest plea or no contest plea that also asserts a claim of innocence is not a valid plea. State v. Lewis , 7th Dist. No. 97CA 161, 1999 WL 599280 (July 30, 1999). In that case, Lewis entered a guilty plea pursuant to Alford. We framed the issue to be decided as, "[W]hether a waiver occurred when appellant entered a guilty plea pursuant to Alford , supra or whether *1277 said plea acts as a no contest plea and preserves appellant's speedy trial rights[?]" Id. We held the issue was waived because an Alford plea is a species of a guilty plea. Id. In holding as such, we did not address whether a no contest plea could be accompanied by a claim of innocence. In fact, we were not faced with the situation where the offender was claiming to have entered an Alford no contest plea and/or a no contest plea with a claim of innocence. Therefore, Lewis does not answer the question of whether a no contest plea with a claim of innocence is a valid plea.
{¶ 23} The Fourth Appellate District has determined an Alford no contest plea is a valid plea and has reasoned:
While our Court has never directly addressed the issue of whether an Alford /no contest plea exists, this court held in State v. Longnecker , 4th Dist. Washington No. 01CA2, 2002-Ohio-3139, 2002 WL 32856863, ¶ 61, that "[A] plea of no contest is still valid even if the accused insists that he did not commit the acts described in the indictment or otherwise offers mitigating evidence." State v. Post , 32 Ohio St.3d 380, 387, 513 N.E.2d 754 (1987), citing Alford , supra, 91 S.Ct. 160 (1970). And, Post , 513 N.E.2d 754 (1987), has been interpreted as extending " Alford " pleas to include "no contest pleas." State v. McCullough , 5th Dist. Licking No. 98CA00129, 1999 WL 333202, *2. The McCullough appellate court noted that although the Alford case involved a guilty plea, Crim.R. 11(C) applies to both no contest and guilty pleas; and, therefore, the rulings in Alford applied with equal force in McCullough's case. Based on the above, we will proceed with the conclusion that there exists a species of Alford /no contest plea, and the question of whether Appellant entered his plea knowingly, voluntarily, and intelligently will be reviewed under the standard appropriate for an Alford plea.
State v. Shifflet , 2015-Ohio-4250, 44 N.E.3d 966, ¶ 28. See also, State v. McCullough , 5th Dist. No. 98CA00129, 1999 WL 333202 (May 12, 1999) (interpreting Post to extend Alford to no contest pleas).
{¶ 24} The above reasoning relies on the Ohio Supreme Court's Post decision and indicates Post extended Alford to no contest pleas. In Post , one of the arguments presented to the Ohio Supreme Court was Post's no contest plea could not be reconciled with his claim of innocence. State v. Post , 32 Ohio St.3d 380, 386, 513 N.E.2d 754 (1987). The Court determined although Post asserted his innocence in a court ordered psychological exam, that exam was not before the court at the time the plea was entered. Id. at 387, 513 N.E.2d 754. Consequently, there was no probative evidence in the record indicating Post coupled his plea with a protestation of innocence. Id. Prior to making that determination, it cited to Alford and in a footnote stated, "We note that although Alford , supra, involved a guilty plea, Crim.R. 11(C) applies to both no contest and guilty pleas; therefore, the rulings in Alford apply with equal force here." Id. at fn.5.
{¶ 25} Although the footnote in Post is dicta, we agree with our sister districts; Post supports the conclusion that a no contest plea may be accompanied by a claim of innocence and still be a valid plea. In Alford , the Court found no constitutional bar to accepting a guilty plea in the face of an assertion of innocence provided a defendant voluntarily, knowingly, and understandingly consented to sentencing on a charge. Post at 386, 513 N.E.2d 754, citing Alford , 400 U.S. at 37-38, 91 S.Ct. 160. Further, no constitutional error was found in accepting a guilty plea which contained a protestation of innocence, if the defendant *1278 intelligently concluded his interests required entry of a guilty plea and if the record before the court contained strong evidence of guilt. Post at 386, 513 N.E.2d 754, citing Alford , 400 U.S. at 37-38, 91 S.Ct. 160. This reasoning equally applies to a no contest plea; a defendant can voluntarily, knowingly, and intelligently conclude his interest required a no contest plea with an assertion of innocence.
{¶ 26} Accordingly, for the above reasons we hold a no contest plea with a claim of innocence is a valid plea. However, we do not classify such a plea as an Alford no contest plea.[1] As stated above, an Alford plea is a species of a guilty plea. Therefore, the plea cannot be called an Alford no contest plea, but rather is a no contest plea with a claim of innocence.
{¶ 27} This assignment of error lacks merit.
Second Assignment of Error
"The trial court erred when it accepted Defendant-Appellant's plea because it was not knowingly, voluntarily, and intelligently entered."
{¶ 28} Appellant claims the plea was not entered into knowingly, voluntarily, or intelligently. This claim is not based on the failure to comply with Crim.R. 11 ; Appellant admits he was advised of his constitutional and nonconstitutional rights as required by Crim.R. 11. His claim is based on the conclusion that he could not enter an Alford no contest plea or a plea of no contest while at the same time proclaiming his innocence.
{¶ 29} As stated above, Appellant entered a no contest plea accompanied by a claim of innocence and such a plea is a valid plea. However, in order for that plea to be knowingly, intelligently, and voluntarily entered, in addition to complying with Crim.R. 11, further inquiries into the voluntariness of the plea must be made. State v. LaBooth , 7th Dist. No. 15 MA 0044, 2017-Ohio-1262, 2017 WL 1231745, ¶ 23. The Fourth District has applied the same standard used for Alford guilty pleas to determine if a no contest plea accompanied by a claim of innocence was voluntary, knowing, and intelligent:
The Supreme Court of Ohio has held that, in the context of an Alford plea, the plea is voluntarily and intelligently made "[w]here the record affirmatively discloses that: (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and, (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both * * *." State v. Piacella , 27 Ohio St.2d 92, 271 N.E.2d 852 (1971), at the syllabus. [State v.] Byrd [ 4th Dist. Athens No. 07CA29, 2008-Ohio-3909, 2008 WL 2955447 ] , supra, at ¶ 17.
Shifflet , 2015-Ohio-4250, 44 N.E.3d 966 at ¶ 29 (plea labeled as an Alford no contest plea).
{¶ 30} The record discloses the plea was not the result of coercion, deception, or intimidation; counsel was present at the time the plea was entered; and Appellant understood the charges against him. At the beginning of the hearing counsel informed the court that Appellant understood the charges and the plea. Tr. 3. Later during the colloquy, the trial court asked Appellant if he understood the allegations *1279 in the indictment, had any questions about the elements of the offense, and if he understood he was not contesting the facts in the indictment. Tr. 6-7. Appellant indicated he had no questions, and understood the allegations and plea. Tr. 6-7. He further indicated he understood the maximum penalty to the indicted offense and the maximum penalty to the amended offense. Tr. 7. Appellant was also asked if anybody threatened, forced, or coerced him into entering the plea, to which he responded "no." Tr. 5.
{¶ 31} The record also discloses counsel's advice was competent in light of the circumstances surrounding the indictment, and Appellant was motivated by a desire to seek a lesser penalty and feared the consequences of a jury trial. The record indicates Appellant admitted the offenses to the police in a video and written statement. Tr. 14. DNA tests were performed on the victim's underwear and Appellant's DNA was found. The indicted charge had a penalty of life in prison without parole. Tr. 7. On the amended charge, the parties agreed to recommend a life sentence with the possibility of parole after ten years. Tr. 7. Appellant stated the reason for entering the plea was to minimize his "exposure at sentencing." Tr. 15.
{¶ 32} Accordingly, the record affirmatively discloses all of the required factors for finding Appellant voluntarily, knowingly, and intelligently entered the no contest plea claiming innocence. This assignment of error lacks merit.
Third Assignment of Error
"Defendant-Appellant was denied the effective assistance of counsel."
{¶ 33} We review a claim of ineffective assistance of counsel under a two-part test, which requires the defendant to demonstrate: (1) trial counsel's performance fell below an objective standard of reasonable representation; and (2) prejudice arose from the deficient performance. State v. Bradley , 42 Ohio St.3d 136, 141-143, 538 N.E.2d 373 (1989), citing Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In evaluating the alleged deficiency in performance, our review is highly deferential to counsel's decision as there is a strong presumption counsel's conduct falls within the wide range of reasonable professional assistance. Bradley , 42 Ohio St.3d at 142-143, 538 N.E.2d 373, citing Strickland , 466 U.S. at 689, 104 S.Ct. 2052. To show prejudice, a defendant must prove his lawyer's errors were so serious that there is a reasonable probability the result of the proceedings would have been different. State v. Carter , 72 Ohio St.3d 545, 558, 651 N.E.2d 965 (1995). Prejudice from defective representation justifies reversal only where the results were unreliable or the proceeding fundamentally unfair due to the performance of trial counsel. Id. , citing Lockhart v. Fretwell , 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).
{¶ 34} Both deficient performance and prejudice must be established; if the performance was not deficient, then there is no need to review for prejudice and vice versa. State v. Madrigal , 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000).
{¶ 35} This assignment of error, similar to the second assignment of error, is premised on the belief an Alford no contest plea/no contest plea with a claim of innocence was entered and such a plea is not a valid plea. As this court determined the plea was a no contest plea with a claim of innocence, which is a valid plea, there is no prejudice and no deficient performance. Appellant admits he wanted to enter a no contest plea and still claim his innocence. He was permitted to enter such a plea. In exchange for his plea, the indictment was amended and instead of facing a potential *1280 life sentence without the possibility of parole, the parties agreed to jointly recommend 10 years to life in prison with the possibility of parole. Considering the evidence, this was a good deal. As stated above, he made statements to the police admitting the crime, there was no suppression of those statements, and his DNA was found on the victim's underwear. Consequently, given the plea agreement, Appellant was not prejudiced and there was no deficient performance by his counsel.
{¶ 36} This assignment of error lacks merit.
Conclusion
{¶ 37} All assignments of error lack merit. This court concludes Appellant entered a no contest plea accompanied by a claim of innocence and such a plea is valid. The record indicates the plea was entered into knowingly, intelligently, and voluntarily, and Appellant received effective assistance of counsel. The conviction is affirmed.
Donofrio, J., concurs.
Waite, J., concurs.

Our decision to label the plea a no contest plea with a claim of innocence instead of an Alford no contest plea does not render our decision in conflict with our sister district.