[Cite as *State v. Bocook*, 2015-Ohio-3996.]


COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J.<br>Plaintiff-Appellee       Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |

STATE OF OHIO

     Plaintiff-Appellee

-vs-

DARYL D. BOCOOK

     Defendant-Appellant

JUDGES:
Hon. John W. Wise, P. J.
Hon. Patricia A. Delaney, J.
Hon. Craig R. Baldwin, J.

Case No. CT2015-0025

O P I N I O N


CHARACTER OF PROCEEDING:       Criminal Appeal from the Court of Common Pleas, Case No.  CR93-5


JUDGMENT:       Affirmed


DATE OF JUDGMENT ENTRY:       September 28, 2015


APPEARANCES:

For Plaintiff-Appellee            For Defendant-Appellant

D. MICHAEL HADDOX            DARYL D. BOCOOK
PROSECUTING ATTORNEY       PRO SE
GERALD V. ANDERSON II         SOCF
ASSISTANT PROSECUTOR         Post Office Box 45699
27 North Fifth Street, P.O. Box 189   Lucasville, Ohio  45699
Zanesville, Ohio  43702-0189

*Wise, P. J.*

{¶1}. Appellant Daryl D. Bocook appeals the decision of the Court of Common Pleas, Muskingum County, which denied his successive motion for post-conviction relief. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2}. In August 1990, the body of Samuel Huffman was found floating in the Muskingum River. In March 1993, Appellant Bocook and a co-defendant, James Cremeans, were indicted for Huffman's murder.

{¶3}. Appellant's case proceeded to a jury trial in September 1993 in the Court of Common Pleas, Muskingum County. Appellant was ultimately found guilty of the aggravated murder of Huffman under R.C. 2903.01, and he was sentenced to life in prison.

{¶4}. Appellant thereafter filed a direct appeal to this Court, raising eight Assignments of Error. On August 8, 1994, this Court overruled all of his assigned errors and affirmed his conviction and sentence. *See State v. Bocook*, 5th Dist. Muskingum No. CT93-47, 1994 WL 476405.[1]

{¶5}. In January 1996, appellant filed a petition for post-conviction relief in the trial court. The State of Ohio thereupon filed a response and a motion for summary judgment. Via a judgment entry issued March 1, 1996, appellant's post-conviction petition was denied by the trial court. Appellant appealed said decision to this Court. However, on September 25, 1996, we affirmed the trial court's denial of post-conviction

---

[1] Some eight years later, appellant unsuccessfully sought a delayed appeal of our decision to the Ohio Supreme Court. *See State v. Bocook*, 97 Ohio St.3d 1460, 778 N.E.2d 1051 (Table), 2002-Ohio-6248.

relief. *See State v. Bocook*, 5th Dist. Muskingum No. CT96-0017, 93-47, 1996 WL 570949. The Ohio Supreme Court, on January 15, 1997, declined jurisdiction to hear appellant's appeal of our decision. *See State v. Bocook*, 77 Ohio St.3d 1519, 674 N.E.2d 372 (Table).

**{¶6}.** On November 9, 2011, appellant filed a "motion to void judgment" in the trial court. The trial court denied same on November 15, 2011. Appellant then filed an appeal to this Court; however, we dismissed the appeal on procedural grounds on January 30, 2012 under appellate case number CT2011-0067.

**{¶7}.** On March 30, 2015, appellant again filed a petition for post-conviction relief. On April 27, 2015, the State of Ohio filed a memorandum in opposition to the petition.

**{¶8}.** The trial court denied appellant's post-conviction petition on April 29, 2015. Appellant filed a "reply brief" on May 7, 2015, subsequent to the aforesaid decision of the trial court.

**{¶9}.** May 18, 2015, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:

**{¶10}.** "I.    THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/APPELLANT WHEN THE COURT ABUSED ITS DISCRETION.

**{¶11}.** "II.    THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/APPELLANT WHEN THE COURT DISMISSED THE PETITIONER'S PETITION FOR POST-CONVICTION RELIEF FOR INEFFECTIVE ASSISTANCE OF COUNSEL."

**{¶12}.** We will address appellant's assigned errors out of sequence.

II.

{¶13}. In his Second Assignment of Error, appellant argues the trial court erred by denying his petition for post-conviction relief. We disagree.

{¶14}. As an initial matter, we note the pertinent jurisdictional time requirements for a post-conviction petition are set forth in R.C. 2953.21(A)(2) as follows: "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication ***. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal."

{¶15}. In order for a trial court to recognize an untimely or successive post-conviction petition, pursuant to R.C. 2953.23(A)(1), both of the following requirements must apply:

{¶16}. "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

**{¶17}.** "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."

**{¶18}.** In the case *sub judice*, although his petition is facially untimely, appellant's present basis for post-conviction relief is that the State purportedly indicated it would have been amenable to a plea deal for a six-year sentence during a break in the 1993 trial. Appellant's brief and the affidavits of appellant's relatives, attached to his 2015 PCR petition, suggest that this discussion occurred outside of the courtroom, and the information was only recently confirmed by appellant via a telephone conversation with Connie J. Bocook Huffman.

**{¶19}.** We recognize that ineffective assistance of counsel may extend to situations where trial counsel fails to notify a defendant of the terms of a plea offer, assuming the plea deal can be shown to be one which the trial court would most likely have accepted. *See State v. Sands*, 11th Dist. Lake No. 2012–L–096, 2013-Ohio-2822, ¶ 20 (additional citations omitted). However, a court has no jurisdiction to hear an untimely petition for post-conviction relief unless the movant meets the requirements in R.C. 2953.23(A). *State v. Demastry,* Fairfield App. No. 05CA14, 2005-Ohio-4962, ¶ 15. In the present matter, we find appellant completely fails to articulate how he was "unavoidably prevented" from obtaining information about the claimed plea offer for more than two decades. *See* R.C. 2953.23(A)(1)(a), *supra*. Furthermore, we find it questionable that the "constitutional error at trial" criterion of R.C. 2953.23(A)(1)(b) can be met for an untimely petition where a defendant is challenging defense counsel's

handling of a purported plea opportunity, as opposed to counsel's performance before the jury or the factfinder.

**{¶20}.** Accordingly, appellant's Second Assignment of Error is overruled.

I.

**{¶21}.** In his First Assignment of Error, appellant chiefly contends the trial court abused its discretion in denying him a hearing on his post-conviction petition. We disagree.

**{¶22}.** A trial court's decision regarding whether or not to conduct an evidentiary hearing in post-conviction matters is governed by the standard of abuse of discretion. *State ex rel. Richard v. Seidner* (1996), 76 Ohio St.3d 149, 151, 666 N.E.2d 1134. Based on our above analysis, we find no abuse of discretion in the trial court's decision to rule on the petition without holding a hearing.

**{¶23}.** Appellant adds the argument that he was not afforded time to file a reply in the trial court to the State's memorandum in opposition to his petition. While we note R.C. 2953.21(D) allows the State to file a response "by answer or motion," the statute is silent as to allowing a defendant to file a reply memorandum, and appellant cites no local rules on the issue.

**{¶24}.** Appellant's First Assignment of Error is therefore overruled.

**{¶25}.** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed.

By: Wise, P. J.

Delaney, J, and

Baldwin, J., concur.

JWW/d 0914