[Cite as *State v. Goings*, 2016-Ohio-544.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                              Court of Appeals No. L-15-1063

    Appellee                                            Trial Court No. CR0201202547

v.

Vashon Goings                                         **DECISION AND JUDGMENT**

    Appellant                                           Decided: February 12, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Vashon Goings, pro se.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Vashon Goings, filed an accelerated appeal from the February 5,

2015[1] judgment of the Lucas County Court of Common Pleas dismissing appellant's

---

[1] Appellant filed an appeal from the dismissal of the postconviction relief entered on "January 30, 2015." No judgment was filed on that date, so we presume he intended to appeal the dismissal judgment entered February 5, 2015.

petition for postconviction relief on the ground that the trial court lacked jurisdiction to consider the petition. Because we find appellant's petition was untimely filed, we affirm.

{¶ 2} In 2013, appellant entered a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). He was found guilty of the lesser included offenses of burglary and attempt to commit felonious assault. The prosecution entered a nolle prosequi for the final count of the indictment. Appellant was sentenced to 30 months in prison on each count, to be served consecutively. His conviction and sentence were affirmed on appeal. *State v. Goings*, 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322.

{¶ 3} While the appeal was pending, appellant sought postconviction relief asserting his pretrial motion to withdraw his plea should have been granted (an issue which was also raised on appeal) and that he had newly discovered evidence (a witness) that would change the outcome of the case. The trial court found the petition was really a motion for reconsideration of the trial court's denial of appellant's motion to withdraw his plea prior to sentencing. The court further found the "newly-discovered evidence" was not undiscoverable prior to trial and was not clearly exculpatory evidence. Appellant did not appeal from this judgment.

{¶ 4} On August 28, 2014, appellant filed a "motion to correct sentencing to prevent a miscarriage of justice Criminal Rule. (32C)" [sic]. In his motion, appellant argued that the offenses were allied offenses, which should have been merged and the sentences ordered to run concurrently. He argued he should be released on community

2.

control. He also argued that the state did not nolle the third count charge for felonious assault and the error led to his extended incarceration. The trial court classified the motion as a second petition for postconviction relief.

{¶ 5} On February 5, 2015, the trial court denied the motion on the ground it was filed more than 180 days after appellant's conviction and lacked a showing that he was unavoidably prevented from discovering the facts which support his petition earlier and that, but for the constitutional error, he would have been acquitted. Appellant appeals from this judgment and asserts the following assignments of error:

> First Assignment of Error:
>
> The trial court committed plain error by not dismissing the Burglary count against appellant Vashon T. Goings Sr., Ohio Revised Code (ORC), 2911.12(A)(1), because of the absence of a culpable mental state.
>
> Second Assignment of Error:
>
> The trial court erred by accepting appellant's Alford plea against the "Manifest Weight of the Evidence."
>
> Third Assignment of Error:
>
> The trial court abused its discretion when it determined appellant failed to comply with ORC 2953.23(A)(1)(a) and refused to hold a hearing.
>
> Fourth Assignment of Error:
>
> The trial court committed "plain error" accepting appellant's Alford plea.

3.

Fifth Assignment of Error:

The trial court vioated [sic] Appellant's right to Equal Protection of the laws as guaranteed by the Fourteenth Amendment.

{¶ 6} Assignments of error Nos. 1, 2 and 5 attempt to raise issues unrelated to the judgment dismissing his petition because it was untimely filed. Therefore, we need not review these assignments of error. App.R. 12(A)(2); *State v. Dunkle*, 5th Dist. Licking No. 12-CA-80, 2013-Ohio-2299, ¶ 11. Therefore, we find appellant's assignments of error Nos. 1, 2 and 5 not well-taken. Only assignments of error Nos. 3 and 4 relate to the dismissal of the petition.

{¶ 7} In assignment of error No. 3, appellant argues that the trial court erred by dismissing his petition without a hearing on the ground that it was untimely under R.C. 2953.23(A)(1)(a). In his argument in support of his assignment of error, however, appellant does not present any argument relating to the timeliness of his petition. It is not the court's role to develop an argument, but we can consider whether the trial court erred in dismissing the petition on the ground that it was untimely and the petitioner did not establish the exceptions to the time limit applied. *Nationstar Mtge., L.L.C. v. Mielcarek*, 9th Dist. Lorain No. 15CA010748, 2016-Ohio-60, ¶ 7, quoting *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998). We review such a determination under an abuse of discretion standard. *State v. Unsworth*, 6th Dist. Lucas No. L-14-1238, 2015-Ohio-3197.

4.

**{¶ 8}** Once a petition for postconviction relief is filed, the trial court must first determine if the petition is timely filed and there are substantive grounds for relief. R.C. 2953.21(C). Since the filing time requirement is jurisdictional, the court must summarily dismiss the petition without addressing its merits if it has been untimely filed. *State v. Rodriguez*, 6th Dist. Wood No. WD-14-075, 2015-Ohio-562, ¶ 6. A hearing is allowed at the court's discretion if necessary to make the jurisdictional determination. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462, 650 N.E.2d 899 (1995), citing *State ex rel. Jackson v. McMonagle,* 67 Ohio St.3d 450, 619 N.E.2d 1017 (1993).

**{¶ 9}** In 2014 when appellant filed his petition, former R.C. 2953.21(A)(2) (effective July 6, 2010), required that a petition for postconviction relief be filed within 180 days after the date the trial transcript is filed in the court of appeals in the direct appeal. Appellant's petition was filed beyond this time limit. However, a trial court may consider an untimely filed petition if the petitioner first establishes either that (1) he "was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief," or (2) that "the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right." R.C. 2953.23(A)(1)(a). Second, the petitioner must establish "by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *." R.C. 2953.23(A)(1)(b).

{¶ 10} Appellant did not assert in his motion or in his appellate brief any facts to establish that R.C. 2953.23(A)(1)(a) was applicable in his case. Therefore, he failed to meet his burden under the statute to file a late petition and establish the court's jurisdiction to consider the merits of his petition. *State v. Dunkle*, 5th Dist. Licking No. 15-CA-5, 2015-Ohio-1530, ¶ 16. Therefore, we find appellant's assignment of error No. 3 not well-taken.

{¶ 11} Appellant asserts in assignment of error No. 4 that the trial court failed to hold a hearing regarding his newly-discovered evidence before dismissing his petition. As we discussed above, no hearing on the merits of the petition could be held when the petition was untimely. Therefore, we find appellant's assignment of error No. 4 not well-taken.

{¶ 12} Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

6.

Mark L. Pietrykowski, J.             _____

                                                 JUDGE

Arlene Singer, J.

                                           _____

Stephen A. Yarbrough, J.                  JUDGE
CONCUR.

                                               _____

                                                 JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.