[Cite as *State v. Scott*, **2016-Ohio-3488**.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Sheila G. Farmer, P. J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case Nos. 15 CA 81 and 15 CA 82 |
| ANTHONY SCOTT | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal Appeal from the Court of Common
                                 Pleas, Case Nos.  12 CR 244 & 12 CR 280


JUDGMENT:                        Affirmed


DATE OF JUDGMENT ENTRY:          June 15, 2016


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

KENNETH W. OSWALT                         ANTHONY SCOTT
PROSECUTING ATTORNEY                      PRO SE
JUSTIN T. RADIC                           15708 McConnelsville Road
ASSISTANT PROSECUTOR                      Caldwell, Ohio  43724
20 South Second Street, Fourth Floor
Newark, Ohio  43055

*Wise, J.*

**{¶1}** Appellant Anthony Scott appeals from the decision of the Court of Common Pleas, Licking County, which denied his petition for post-conviction relief ("PCR") regarding his 2013 convictions. Appellee is the State of Ohio.

**{¶2}** On May 4, 2012, under case 2012-CR-00244, Appellant Scott was indicted in Licking County on counts of felony possession of cocaine, attempted murder, felonious assault, trafficking in cocaine with a juvenile specification, and one count of misdemeanor possession of drug paraphernalia. Additionally, appellant was indicted on several attendant firearm and forfeiture specifications.

**{¶3}** On May 18, 2012, appellant was additionally indicted under case number 12-CR-00280 for having weapons while under a disability. The indictments were then consolidated by the trial court.

**{¶4}** On April 30, 2013, appellant appeared before the trial court for a change of plea hearing. At this hearing, in exchange for appellant's plea, the State agreed to dismiss the firearm specifications associated with Counts I through IV and make a jointly recommended sentence of twelve years. Appellant agreed to withdraw his previously entered not guilty pleas, to enter *Alford* pleas to the remaining counts, and withdraw his pending motion to dismiss and to suppress.

**{¶5}** Following a plea colloquy, the trial court accepted appellant's *Alford* pleas. The trial court thereupon sentenced appellant under case 2012-CR-00244 to a four-year prison term on Count I, a five-year prison term on Count II, a one-year prison term on Count IV, and a thirty-day jail sentence on Count V. The court merged Counts II and III for sentencing. Appellant was also sentenced to three years in prison under case 2012-

CR-00280. The trial court ordered all counts to run consecutively. Appellant was granted 370 days of credit towards his sentence. The court also issued, *inter alia*, post release control orders in each case.

**{¶6}** Appellant then filed a direct appeal to this Court, raising issues of speedy trial rights, manifest weight of the evidence, and sufficiency of the evidence. *See State v. Scott*, 5th Dist. Licking No. 13-CA-45, 2014-Ohio-456 ("*Scott I*"). In our decision issued February 7, 2014, we overruled the assigned errors based on our conclusion that appellant had waived said claims via his *Alford* guilty pleas. The Ohio Supreme Court did not accept jurisdiction to hear his requested appeal from our decision. *See State v. Scott*, 142 Ohio St.3d 1519, 33 N.E.3d 66, 2015-Ohio-2341.

**{¶7}** On August 31, 2015, appellant filed a motion for post-conviction relief in the trial court, alleging that trial counsel was ineffective for advising him to enter his Alford pleas.[1] Appellant attached his own affidavit in support of the petition.

**{¶8}** On October 12, 2015, the trial court denied appellant's post-conviction petition, finding it to be untimely and inadequately supported by the attached evidence.

**{¶9}** Appellant filed a notice of appeal as to each of the two trial court case numbers on October 26, 2015.[2] He herein raises the following sole Assignment of Error:

---

[1]  In his present brief, appellant asserts this action was "on the advice" of this Court, in apparent reference to our judgment entry of February 27, 2015 denying his application to reopen appeal. Appellant's Brief at 3. However, the judgment entry in question merely observed that his "potential relief, if any" would be via post-conviction proceedings or a motion to withdraw plea.

[2] Despite appellant's wording on the cover of his brief that this appeal is "consolidated," no such order had been issued by this Court at the time of briefing by the parties. Nonetheless, we have prepared a separate consolidation order *sua sponte* and will thus provide a single memorandum-opinion under these procedural circumstances.

**{¶10}** "I. TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT WHEN IT FAILED TO HOLD A HEARING PURSUANT TO R.C. 2953.21 AND FAILED TO VACATE THE JUDGMENT OF CONVICTION FOR REASON THAT TRIAL COUNSEL WAS INEFFECTIVE WHEN COUNSEL GAVE INCORRECT LEGAL ADVICE THAT INDUCED DEFENDANT TO ENTER A[N] UNKNOWINGLY [SIC], INVOLUNTARILY [SIC], AND UNINTELLIGENT AFFORD [SIC] / NO CONTEST PLEAS [SIC]."

I.

**{¶11}** In his sole Assignment of Error, appellant essentially maintains the trial court erred in denying his post-conviction petition without conducting a hearing, where he has asserted that he believed at trial he was entering an *Alford* "no contest" plea. We disagree.

**{¶12}** We first note the pertinent jurisdictional time requirements for a post-conviction petition (not involving a death sentence) are set forth in R.C. 2953.21(A)(2) as follows: "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication ***. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal."

**{¶13}** In order for a trial court to recognize an untimely or successive post-conviction petition pursuant to R.C. 2953.23(A)(1), both of the following requirements must apply:

**{¶14}** "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

**{¶15}** "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."

**{¶16}** A court has no jurisdiction to hear an untimely petition for post-conviction relief unless the movant meets the requirements in R.C. 2953.23(A). *State v. Demastry,* 5th Dist. Fairfield No. 05CA14, 2005-Ohio-4962, ¶ 15.

**{¶17}** In the case *sub judice*, we note the transcript in appellant's direct appeal (*Scott I*) was filed on June 25, 2013. Appellant filed his post-conviction motion on August 31, 2015, nearly eight-hundred days later, well past the aforementioned statutory deadline of three-hundred sixty-five days. Despite this, having reviewed the record and the pertinent briefs, we find appellant completely fails to demonstrate compliance with the untimeliness requirements of R.C. 2953.23(A)(1). *Cf. State v. Sturkey*, 5th Dist. Muskingum No. CT2006-0087, 2007-Ohio-5701, ¶¶ 11-18. Furthermore, although it is probably an academic observation at this point, we have previously concluded: " *** [I]t is questionable that the 'constitutional error at trial' criterion of R.C. 2953.23(A)(1)(b) can be met where the defendant seeking PCR relief [*sic*] was convicted pursuant to a guilty

plea, not as a result of a trial." *State v. Pepper,* 5th Dist. Ashland No. 13 COA 019, 2014–Ohio–364, ¶ 26.

**{¶18}** In regard to appellant's claim of deprivation of a hearing, we note trial court's decision regarding whether or not to conduct an evidentiary hearing in post-conviction matters is governed by the standard of abuse of discretion. *State v. Bocook*, 5th Dist. Muskingum No. CT2015-0025, 2015-Ohio-3996, ¶ 22, citing *State ex rel. Richard v. Seidner* (1996), 76 Ohio St.3d 149, 151, 666 N.E.2d 1134. Furthermore, some Ohio courts have held that a hearing on the merits of a post-conviction petition is unnecessary where the petition was not timely filed. *See, e.g.*, *State v. Goings*, 6th Dist. Lucas No. L-15-1063, 2016-Ohio-544, ¶ 11; *State v. Foster,* 10th Dist. Franklin No. 09AP–227, 2009–Ohio–5202, ¶ 8.

**{¶19}** However, in the interest of justice, we make the following observations. In our decision on appellant's direct appeal, we stated: "While we believe the plea forms arguably support Appellant's claim he intended to enter an *Alford* no contest plea, we have no uncertainty as to what plea he actually entered during the change of plea hearing. [The transcript reveals] the prosecutor specifically states the defendant will be entering an *Alford* guilty plea on three separate times. *** At no time during the sentencing hearing did Appellant or his counsel ever correct the prosecutor or trial court, or assert a misunderstanding as to the type of plea being entered." *Scott I* at ¶¶ 15-16. We then concluded that appellant had entered *Alford* guilty pleas to the charges. *Id.* at ¶ 18.

**{¶20}** Appellant presently seeks to convince us otherwise by directing us to the affidavit in support of his PCR petition, wherein he averred *inter alia* that he entered his

plea on April 30, 2013 "on the mistaken belief that I was actually entering a [sic] Alford No Contest" and that "[h]ad I known that the Alford plea I entered would prevent me from challenging my conviction I would not have entered a [sic] Alford plea and chose to pursue a plea that would not prevent a challenge to my conviction on appeal, such as a No Contest Plea." *See* Petition for Post-Conviction Relief, August 31, 2015.

**{¶21}** Nonetheless, a defendant advancing a post-conviction petition is required to present evidence which meets a minimum level of cogency to support his or her claims. *See State v. Amstutz*, 5th Dist. Stark No. 2000-CA-00047, 2001 WL 46324, citing *State v. Cole* (1982), 2 Ohio St.3d 112, 115. A petitioner's self-serving affidavit generally does not meet his or her minimum level of cogency. *Id., citing State v. Kapper* (1983), 5 Ohio St.3d 36, 38. Accordingly, upon review, we find no abuse of discretion, under the present circumstances, in the trial court's decision to rule upon appellant's PCR petition without holding a hearing.

**{¶22}** Appellant's sole Assignment of Error is therefore overruled.

**{¶23}** For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.

By: Wise, J.
Farmer, P. J., and
Hoffman, J., concur.

JWW/d 0525