[Cite as *State v. McGee*, 2019-Ohio-4569.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2019-0063 |
| KRISTOPHER L. MCGEE | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Criminal appeal from the Muskingum
                             County Court of Common Pleas, Case No.
                             CR2018-0521


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      November 5, 2019


APPEARANCES:



For Plaintiff-Appellee                 For Defendant-Appellant

D. MICHAEL HADDOX                      KRISTOPHER L. MCGEE A747-405
Prosecuting Attorney                   Ohio State Penitentiary
By: TAYLOR P. BENNINGTON               878 Coitsville-Hubbard Rd.
Assistant Prosecuting Attorney         Youngstown, OH 44505
27 North Fifth St., P.O. Box 189
Zanesville, OH 43702-0189

*Gwin, P.J.*

{¶1} Appellant Kristopher McGee appeals the July 16, 2019 judgment entry of the Muskingum County Court of Common Pleas denying his motion for post-conviction relief. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} On August 22, 2018, appellant was charged with one count of escape, in violation of R.C. 2921.34(A)(1). On September 12, 2018, appellant pled guilty to the charge.

{¶3} Appellant signed a plea of guilty form on September 12, 2018, stating he understood the maximum penalty for the offense, understood the nature of the charge and possible defenses, was satisfied with his attorney's advice and competence, entered into the plea voluntarily, and no promises had been made as part of the plea agreement, except that the parties agreed to a joint sentence recommendation of two (2) years in prison, conditioned upon appellant's compliance with all bond conditions and with all laws pending sentencing.

{¶4} The trial court issued a sentencing entry on September 13, 2018. In the sentencing entry, the trial court found appellant made a knowing, intelligent, and voluntary waiver of his rights and found the plea to be voluntary. The trial court sentenced appellant to a prison term of two years, to be served consecutively to the sentence imposed in Case No. CR2018-0520, for an aggregate sentence of twelve years in prison.

{¶5} On July 11, 2019, appellant filed a petition to vacate or set aside sentence with a request for an evidentiary hearing. Appellant stated his guilty plea was secured without effective assistance of counsel and only after being subject to physical coercion

of the Muskingum County Prosecutor's Office and Muskingum County Jail. Appellant alleged ineffective assistance of counsel because his attorney knew he was suffering from serious mental and emotional abuse by the employees at the jail and took advantage of his condition by counseling him to accept the plea. Appellant also alleged his right to due process was violated because the employees at the jail subjected him to torture designed to force him into compliance with the will of the prosecutor's office and secure his guilty plea.

{¶6} Appellant attached his own sworn affidavit to his petition. Appellant avers: he suffered personal physical abuse by the jail administrator and other employees; he was refused a psychological evaluation despite his extensive mental illness history; they coerced him into pleading guilty by intimidation, emotional abuse, threats, and physical abuse; his trial attorney refused to defend him in court; his alleged victims were directly involved with the corruption of his case; and it will require an evidentiary hearing to adduce further evidence.

{¶7} Appellee filed a memorandum in response to the petition on July 16, 2019. On July 16, 2019, the trial court issued a judgment entry denying appellant's petition, finding appellant failed to provide any evidence to support his claims and the issues could have been raised on direct appeal and therefore appellant is barred by the doctrine of res judicata from raising them in a post-conviction relief petition. The trial court also denied appellant's request for an evidentiary hearing.

{¶8} Appellant appeals the July 16, 2019 judgment entry of the Muskingum County Court of Common Pleas and assigns the following as error:

{¶9} "I. ON JULY 16TH COURT FOUND THAT DEFENDANT FAILED TO PROVIDE SUPPORTING EVIDENCE OF HIS CLAIMS WHEN IN FACT DEFENDANT PROVIDED A SWORN AFFIDAVIT IN EVIDENCE. [SIC]

{¶10} "II. ON JULY 16TH COURT FOUND THAT DEFENDANT SHOULD HAVE AND COULD HAVE RAISED SAID ISSUES ON DIRECT APPEAL, WHEN IN FACT DIRECT APPEAL IS ONLY USEFUL FOR ISSUES ON THE RECORD. THE DEFENDANT USED THE PETITION FOR POST-CONVICTION RELIEF CORRECTLY. AS IN THESE MATTERS OCCURRED OFF THE RECORD. [SIC]"

*Failure to File Transcript*

{¶11} In this case, appellant did not meet his burden, under Appellate Rule 9(B), and supply this Court with a transcript of the proceedings from his plea and sentencing hearings.

{¶12} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Knapp v. Edwards Lab.*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980). This requirement is set forth in Appellate Rule 9(B), which provides, in pertinent part, as follows: "* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *." Additionally, "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Lab.*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

I. & II.

{¶13} In his assignments of error, appellant argues the trial court erred in denying his petition for post-conviction relief and in denying his request for an evidentiary hearing. We disagree.

{¶14} The appropriate standard for reviewing a trial court's decision to dismiss a petition for post-conviction relief, without an evidentiary hearing, involves a mixed question of law and fact. *State v. Durr*, 5th Dist. Richland No. 18CA78, 2019-Ohio-807. This Court must apply a manifest weight standard in reviewing a trial court's findings on factual issues underlying the substantive grounds for relief, but we must review the trial court's legal conclusions de novo. *Id.*

{¶15} Appellant first contends the trial court committed error in finding that he did not submit supporting evidence for his petition because he submitted his own affidavit and requested an evidentiary hearing.

{¶16} A defendant may only seek post-conviction relief for violations of his State and Federal Constitutional rights. Both the United States Constitution and the Ohio Constitution provide for the right to effective assistance of counsel. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show a defendant has been prejudiced by counsel's deficient performance, the defendant must demonstrate, but for counsel's errors, the result of the trial court would have been different. *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

{¶17} In order for a petitioner to be entitled to an evidentiary hearing in a post-conviction relief proceeding on a claim that he was denied effective assistance of counsel, the two-part *Strickland* test is to be applied. *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). The petitioner must therefore prove that: (1) counsel's performance fell below an objective standard of reasonable representation; and (2) there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. *Id.*

{¶18} Furthermore, before a hearing is granted in proceedings for post-conviction relief upon a claim of ineffective assistance of trial counsel, the petitioner bears the initial burden to submit evidentiary material containing sufficient operative facts that demonstrate a substantial violation of any defense counsel's essential duties to his client and prejudice arising from counsel's ineffectiveness. *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999); *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980).

{¶19} Appellant asserts his legal counsel refused to get him a psychological examination despite his mental illness history and coerced appellant to take the plea agreement. However, appellant has failed to provide any credible evidence outside of the record to support these contentions. Additionally, appellant alleges his plea was not knowing and voluntary because his counsel, the employees at the jail, and the prosecutor coerced him into taking the plea. Appellant contends he submitted supporting evidence to support these assertions in the form of his affidavit and request for evidentiary hearing.

{¶20} The Ohio Supreme Court has recognized "[i]n post-conviction cases, a trial court has a gatekeeping role as to whether a defendant will even receive a hearing." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77. Under R.C. 2953.21,

a petitioner seeking post-conviction relief is not automatically entitled to an evidentiary hearing. *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999). The Ohio Supreme Court has held that the proper basis for dismissing a petition for post-conviction relief without holding an evidentiary hearing include: (1) the failure of the petitioner to set forth specific operative facts to establish substantive grounds for relief, and (2) the operation of res judicata to bar the constitutional claims raised in the petition. *Id; State v. Lentz*, 70 Ohio St.3d 527, 639 N.E.2d 784 (1994).

{¶21} As discussed below, appellant's arguments are barred by res judicata and thus the trial court did not commit error in overruling appellant's petition without an evidentiary hearing.

{¶22} Additionally, appellant presents no evidence outside the record other than his own affidavit to support his claim that his plea was not knowingly and voluntarily entered. As self-serving testimony, the trial court could give little or no weight to his affidavit. *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999). The judge who reviewed appellant's post-conviction relief petition was the same judge who presided at the plea and sentencing hearing of appellant. Thus, the trial judge was familiar with the underlying proceedings and was in the best position to assess the credibility of appellant. *Id.*

{¶23} The evidence in the available record does not support the contentions in appellant's affidavit. Appellant executed a plea form on September 12, 2018 stating he was satisfied with his attorney's advice and competence, entered the plea voluntarily, and no promises had been made as part of the plea agreement, except that the parties agreed to a joint sentence recommendation of two years in prison. Without a transcript of the

proceedings, appellant cannot demonstrate any error or irregularity in connection with the trial court's decision to accept his guilty plea. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980). A presumption of regularity applies to the trial court's acceptance of appellant's guilty plea and appellant has shown us nothing to overcome the presumption

{¶24} Further, evidence outside the record alone will not guarantee the right to an evidentiary hearing. *State v. Curtis*, 5th Dist. Muskingum No. CT2018-0014, 2018-Ohio-2822. A defendant advancing a post-conviction petition is required to present evidence which meets a minimum level of cogency to support his or her claims. *State v. Scott*, 5th Dist. Licking No. 15 CA 81, 15 CA 82, 2016-Ohio-3488. A petitioner's self-serving affidavit generally does not meet his or her minimum level of cogency. *Id.*, citing *State v. Kapper*, 5 Ohio St.3d 36 (1983); *State v. Moncrief*, 10th Dist. Franklin No. 08AP-153, 2008-Ohio-4594 (holding a defendant's self-serving affidavit is insufficient to support a claim of ineffective assistance of counsel).

{¶25} Appellant also contends the trial court committed error by denying his petition on the basis of res judicata.

{¶26} Under the doctrine of res judicata, a final judgment of conviction bars the defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment any defense or claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). A defendant who was represented by counsel is barred from raising an issue

in a petition for post-conviction relief if the defendant raised or could have raised the issue at trial or on direct appeal.  *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996).

{¶27}  The allegations appellant makes in his petition concerning coercion on the part of the employees at the jail, prosecutor, and his attorney to accept the guilty plea are issues that could have been raised on direct appeal, as is his allegation that he was refused a psychological examination.  Further, appellant could have raised an ineffective assistance of counsel claim with regard to the informed and voluntary nature of his plea on a direct appeal, but did not do so.  Therefore, the trial court properly denied appellant's petition on the basis of res judicata.

{¶28}  The affidavits, documentary evidence, files, and the records do not demonstrate appellant set forth sufficient operative facts to establish substantive grounds for relief.  Accordingly, the trial court properly denied appellant's petition for post-conviction relief without holding an evidentiary hearing.

{¶29}  Based on the foregoing, appellant's assignments of error are overruled.

{¶30}   The July 16, 2019 judgment entry of the Muskingum County Court of Common Pleas is affirmed.

By Gwin, P.J., and

Wise, John, J., concur

Hoffman, J., concurs separately

WSG:clw 1016

*Hoffman, J., concurring*

{¶31} I concur in the majority's analysis and disposition of Appellant's first assignment of error.

{¶32} Based on the two-issue rule, I would have found Appellant's second assignment of error moot. However, unlike the majority, I find Appellant's claims relating to the voluntariness of his plea falls outside the record and, accordingly, not barred by res judicata.