[Cite as *State v. Horner*, 2021-Ohio-1312.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W, Scott Gwin. P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2020 CA 00080 |
| KENNETH HORNER | : |  |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |


CHARACTER OF PROCEEDING:     Criminal appeal from the Licking County
                             Court of Common Pleas, Case No.
                             20CR00049


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      April 13, 2021


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant
PAULA SAWYERS                       KENNETH HORNER PRO SE
Assistant Prosecuting Attorney      Inmate # 776247
20 South Second Street              Belmont Correctional Institution
Fourth Floor                        P.O. Box 540
Newark, OH 43055                    St. Clairsville, OH 43950

*Gwin, P.J.*

{¶1} Appellant Kenneth Horner appeals the November 17, 2020 judgment entry of the Licking County Court of Common Pleas denying his petition for post-conviction relief. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} On June 8, 2020, appellant pled guilty to the following charges: aggravated possession of a controlled substance (methamphetamine) in violation of R.C. 2925.11(A)(C)(1)(b), a felony of the third degree; aggravated trafficking in drugs (methamphetamine), a violation of R.C. 2925.03(A)(2)(C)(1)(c), a felony of the third degree; and a forfeiture specification. The trial court merged Counts 1 and 2 for purposes of sentencing, and appellee elected to have appellant sentenced on Count 1. Appellant was sentenced to a two-year prison term.

{¶3} Appellant filed a petition for post-conviction relief on August 3, 2020. Appellant argued his right to due process under the U.S. and Ohio Constitutions was being violated by his continued incarceration, and his continued incarceration constitutes cruel and unusual punishment. Appellant alleged the following in his petition: he is confined within three feet of other inmates, there is no social distancing in prison, he is at high risk of complications if he contracts COVID-19, and the prison has active COVID-19 cases. Appellant included his own affidavit in the petition.

{¶4} In his prayer for relief, appellant requests "an order for his immediate release" and a new trial.

{¶5} The trial court held a non-oral hearing on appellant's petition on September 4, 2020.

{¶6} The trial court issued a judgment entry denying appellant's petition without a hearing on November 17, 2020. The trial court stated a motion for judicial release is a "more appropriate action than a petition for post-conviction relief and the preferred avenue when requesting relief due to the COVID-19 pandemic." Further, the trial court stated the only support appellant provides is his own self-serving affidavit, which is insufficient to trigger a right to hearing or justify a granting of the petition.

{¶7} Appellant appeals the November 17, 2020 judgment entry of the Licking County Court of Common Pleas and assigns the following as error:

{¶8} "I. THE TRIAL COURT ERRED BY NOT FOLLOWING THE MANDATES OF 2953.21-.23, BY SUMMARILY DISMISSING THE PETITION WITHOUT AN EVIDENTIARY HEARING AND NOT REVIEWING THE CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL AS THE ALLEGED FACTS, IF TRUE, WOULD MAKE THE SENTENCE VOID UNDER THE CLAIMED VIOLATIONS OF THE UNITED STATES CONSTITUTION 6TH, 8TH, AND 14TH AMENDMENTS, AND OHIO CONSTITUTION, ART. I, SECTIONS 5,6,9,10, AND 16, AND O.R.C. SECTIONS 2945.71-.73, BY NOT REFERENCING WHERE IN THE RECORD THE CLAIMS HAVE BEEN LITIGATED, AND BY NOT ISSUING FINDINGS OF FACT AND CONCLUSIONS OF LAW WHEREIN THOSE FACTS AND CONCLUSIONS ARE SUPPORTED IN THE RECORD, THE SUMMARY DISMISSAL IS CONTRARY TO LAW.

{¶9} "II. THE TRIAL COURT ERRED BY NOT HOLDING A JUDICIAL RELEASE HEARING, AND CONSIDERING THE EXTRAORDINARY CIRCUMSTANCES AND COMPELLING REASONS TO CONSIDER JUDICIAL RELEASE, THE OHIO SUPREME COURT [STATED] THE FOLLOWING IN LICHTENWATLER V. DEWINE, 2020-OHIO-

1465, "I HOPE THAT PETITIONER AND OTHERS IN OHIO DO NOT SEE TODAY'S DECISION AS THE JUDICIARY'S THROWING UP ITS HANDS AND CLAIMING THAT THERE IS NOTHING THAT IT CAN DO * * * OHIO'S TRIAL COURTS HAVE THE POWER TO LIBERALLY AND EXPEDITIOUSLY GRANT APPROPRIATE REQUESTS FOR JUDICIAL RELEASE."

I.

{¶10} In the first portion of his assignment of error, appellant contends the trial court committed error by not issuing findings of fact and conclusions of law. We disagree.

{¶11} The findings of fact and conclusions of law required by R.C. 2953.21(H) should be explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision and enable it to determine the grounds on which the trial court reached its decision. *State v. Jacks*, 5th Dist. Licking No. 99 CA 113, 2000 WL 329740 (Feb. 29, 2000), citing *State v. Lester*, 41 Ohio St.2d 51, 322 N.E.2d 656 (1975). The purpose of requiring the trial court to include findings of fact and conclusions of law in its judgment entry is to sufficiently apprise both the petitioner and the potential appellate court of the grounds for its decision. *State v. Staats*, 5th Dist. Stark No. 2015CA00207, 2016-Ohio-2921. In its judgment entry, the trial court issued several pages of findings of fact and conclusions of law, and sufficiently apprised both appellant and this Court of the grounds for its decision.

{¶12} In the balance of his argument, appellant contends the trial court committed error in denying his petition for post-conviction relief and in denying his request for an evidentiary hearing. We disagree.

{¶13}  R.C. 2953.21 affords a petitioner post-conviction relief "only if the court can find that there was such a denial or infringement on the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution."  *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).

{¶14}  The appropriate standard for reviewing a trial court's decision to dismiss a petition for post-conviction relief, without an evidentiary hearing, involves a mixed question of law and fact.  *State v. Durr*, 5th Dist. Richland No. 18CA78, 2019-Ohio-807. This Court must apply a manifest weight standard in reviewing a trial court's findings on factual issues underlying the substantive grounds for relief, but we must review the trial court's legal conclusions de novo.  *Id.*  Under R.C. 2953.21, a petitioner seeking post-conviction relief is not automatically entitled to an evidentiary hearing.  *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999).  The Ohio Supreme Court has recognized, "[i]n post-conviction cases, a trial court has a gatekeeping role as to whether a defendant will even receive a hearing."  *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d

{¶15}  We first note that the primary relief appellant seeks is his immediate release from custody because his continued incarceration during the COVID-19 pandemic violates his constitutional rights.  When a prisoner seeks immediate or speedier release from incarceration, his or her sole remedy is a petition for writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *State v. Turner*, 11th Dist. Lake No. 2020-L-066, 2020-Ohio-4796.  Because a post-conviction petition is not the appropriate method through which to seek immediate or quicker release from custody, the trial court did not commit error in denying appellant's petition without a hearing.

{¶16}  Additionally, to the extent appellant does not request immediate release but instead challenges the conditions of his confinement, a civil rights action under 42 U.S.C. 1983 is the appropriate avenue for appellant to challenge the conditions of his confinement.  *Waites v. Gansheimer*, 110 Ohio St.3d 250, 2006-Ohio-852 N.E.2d 1204; *State ex rel. Peoples v. Anderson*, 73 Ohio St.3d 559, 653 N.E.2d 371 (1995); *Aultman v. Shoop*, Case S.D. Ohio No. 2209-cv-3304, 2020 WL 3869478 (claims regarding the constitutionality of custody in prison because of risks posed by COVID-19 are principally claims regarding conditions of confinement); *State v. Walters*, 8th Dist. Cuyahoga No. 71906, 1997 WL 723355 (Nov. 20, 1997) (post-conviction petition is not the proper device for raising a challenge to incarceration without adequate medical attention; the appropriate remedy would be to bring an action under 42 U.S.C. 1983).

{¶17}  Appellant cites Justice Donnelly's concurring opinion in *State ex rel. Lichtenwalter v. DeWine* and *State v. Watkins* in support of his argument that incarceration in prison is cruel and unusual punishment due to the COVID-19 pandemic.

{¶18}  However, neither of these cases support appellant's argument.  In *Lichtenwalter*, the Ohio Supreme Court granted the State of Ohio's motion to dismiss the petitioner's complaint for mandamus and/or habeas corpus.  158 Ohio St.3d 1476, 2020-Ohio-1465, 143 N.E.2d 507.  In a concurring opinion, Justice Donnelly stated the Supreme Court did not have the authority in a mandamus proceeding to control the executive branch's discretion to exercise their power to reduce prison populations due to overcrowding emergencies or conditional release of prisoners who are ill.  *Id.*  Justice Donnelly encouraged the Ohio executive branch to take steps to prevent spread of COVID-19 in prisons and noted that the trial court has the discretion to grant appropriate

requests for judicial release that meet the statutory requirements. *Id.* Even under Justice Donnelly's concurrence, a petition for post-conviction relief is not the proper device for raising a challenge to appellant's incarceration during the COVID-19 pandemic.

{¶19} In *State v. Watkins*, 10th Dist. Franklin No. 20AP-313, 2020-Ohio-5203, the defendant filed an emergency motion to withdraw guilty plea or temporary relief from judgment. He alleged that, because of underlying medical conditions, he was at a heightened risk for severe COVID complications. The trial court temporarily released the defendant from prison pending the ruling on the motion to withdraw plea. The State of Ohio appealed the trial court's decision to temporarily release the defendant. The Tenth District reversed the trial court's decision, citing the Ohio Supreme Court's decision in *Lichtenwalter*. *Id.*

{¶20} The Tenth District held that, under Ohio law, once an offender is delivered to the institution where their sentence is to be served, "the sentence has been executed and the trial court loses jurisdiction to modify the sentence, absent a clerical error or void sentence." *Id.* The Tenth District also cited the Ohio Supreme Court's holding that the sole source of judicial authority for modifying a sentence of an incarcerated felon is judicial release pursuant to R.C. 2929.20. *Id.*, citing *State v. Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246, 134 N.E.3d 164. The Ohio Supreme Court declined jurisdiction on Watkins' appeal of the Tenth District's decision. *State v. Watkins*, 161 Ohio St.3d 1450, 2021-Ohio-534,163 N.E.3d 589.

{¶21} The rationale utilized by the Tenth District in *Watkins* does not support appellant's argument. Appellant was sentenced to two years in prison on Count 1, a felony of the third degree. R.C. 2929.14(A)(3)(b), provides the court, "shall impose a

prison term that shall be one of the following * * * for a felony of the third degree * * * a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." When appellant was conveyed to prison, his sentence had been executed and the trial court did not have authority to modify his sentence unless his sentence was void or there was a clerical error.

{¶22} Finally, appellant presents no evidence outside the record other than his own affidavit to support his claim. A defendant advancing a post-conviction petition is required to present evidence which meets a minimum level of cogency to support their claims. *State v. Scott*, 5th Dist. Licking No. 15 CA 81, 15 CA 82, 2016-Ohio-3488. As self-serving testimony, the trial court could give little or no weight to his affidavit. *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999). Further, a petitioner's self-serving affidavit generally does not meet his or her required minimum level of cogency. *State v. Scott*, 5th Dist. Licking No. 15 CA 81, 15 CA 82, 2016-Ohio-3488, citing *State v. Kapper*, 5 Ohio St.3d 36, 448 N.E.2d 823 (1983).

{¶23} The affidavit, documentary evidence, files, and the records do not demonstrate appellant set forth sufficient operative facts to establish substantive grounds for relief. Accordingly, the trial court properly denied appellant's petition for post-conviction relief without holding an evidentiary hearing. Appellant's first assignment of error is overruled.

II.

{¶24} In his second assignment of error, appellant contends the trial court committed error in not holding a hearing on his motion for judicial release and in denying the motion.

{¶25} We find this issue is not properly before this Court. The trial court issued a judgment entry denying appellant's petition for post-conviction relief on November 17, 2020. Appellant filed an appeal of the entry on December 16, 2020. Subsequently, he filed a motion for judicial release on December 31, 2020, which the trial court denied on January 7, 2021. Appellant did not file a notice of appeal of the January 7, 2021 judgment entry.

{¶26} Additionally, even if appellant had properly filed a notice of appeal of the January 7, 2021 judgment entry denying his motion for judicial release, we lack jurisdiction to review his second assignment of error.

{¶27} As this Court has previously held, "it is well-established that the denial of a motion for judicial release is not a final appealable order." *State v. Howard*, 5th Dist. Richland No. 2017 CA 0035, 2017-Ohio-7554; *State v. Bennett*, 5th Dist. Muskingum No. CT2005-0009, 2006-Ohio-2812. Accordingly, we lack jurisdiction to address appellant's second assignment of error.

{¶28} Based on the foregoing, appellant's first assignment of error is overruled. This Court is without jurisdiction to address appellant's second assignment of error.

{¶29} The November 17, 2020 judgment entry of the Licking County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, John, J., concur