[Cite as *State v. Crook*, 2022-Ohio-1475.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Earle E. Wise, Jr., P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. W. Scott Gwin, J. |
| -vs- | |
| | Case No. 2021 CA 21 |
| ANGELA CROOK | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:              Criminal Appeal from the Court of Common
                                                              Pleas, Case No.  18 CR 205


JUDGMENT:                                             Affirmed


DATE OF JUDGMENT ENTRY:            May 3, 2022


APPEARANCES:

For Plaintiff-Appellee                             For Defendant-Appellant

JASON GIVEN                                       TODD W. BARSTOW
PROSECUTING ATTORNEY                 4185 East Main Street
BENJAMIN E. HALL                             Columbus, Ohio  43213
ASSISTANT PROSECUTOR
318 Chestnut Street
Coshocton, Ohio  43812

*Wise, John, J.*

{¶1} Defendant-Appellant Angela K. Crook ("Appellant") appeals the July 27, 2021, judgment entry of the Coshocton County Court of Common Pleas denying her petition for post-conviction relief. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

### STATEMENT OF THE FACTS AND CASE

{¶2} On January 25, 2019, Appellant was indicted by Coshocton County Grand Jury for Trafficking in Marihuana, Trafficking in a Fentanyl-Related compound, and Trafficking in Methamphetamine.

{¶3} On September 24, 2019, the matter proceeded to trial. Appellant was convicted on all three counts.

{¶4} On October 31, 2019, Appellant filed a Notice of Appeal.

{¶5} On June 26, 2020, this Court affirmed the trial court's convictions.

{¶6} On October 27, 2020, Appellant filed a Petition for Post-Conviction Relief alleging ineffective assistance of counsel. Appellant alleges the contraband discovered in her car leading to her conviction actually belonged to John Ellis, the passenger in her vehicle the night of the incident. Appellant's trial counsel did not call Ellis as a witness to take responsibility for the contraband. Appellant admits that, at the time of trial, she was aware that Ellis could have testified on her behalf.

{¶7} On July 27, 2021, the trial court dismissed Appellant's Petition for Post-Conviction Relief as res judicata, since this was an identifiable issue at direct appeal.

**ASSIGNMENT OF ERROR**

**{¶8}** Appellant timely filed a notice of appeal. He herein raises the following Assignment of Error:

**{¶9}** "I. THE TRIAL COURT ERRED BY DISMISSING CROOK'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING IN VIOLATION OF HIS [sic] RIGHT TO A MEANINGFUL REVIEW OF HER CONSTITUTIONAL CLAIMS FOR RELIEF."

**I.**

**{¶10}** In Appellant's First Assignment of Error, Appellant argues the trial court erred by denying Appellant's Petition for Post-Conviction Relief without an evidentiary hearing. We disagree.

**{¶11}** The appropriate standard for reviewing a trial court's decision to dismiss a petition for post-conviction relief, without an evidentiary hearing, involves a mixed question of law and fact. *State v. Durr*, 5th Dist. Richland No. 18CA78, 2019-Ohio-807. This Court must apply a manifest weight standard in reviewing a trial court's findings on factual issues underlying the substantive grounds for relief, but we must review the trial court's legal conclusions de novo. *Id*.

**{¶12}** "In post-conviction cases, a trial court has a gatekeeping role as to whether a defendant will even receive a hearing." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77. Under R.C. §2953.21, a petitioner seeking post-conviction relief is not automatically entitled to an evidentiary hearing. *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999). The proper basis for dismissing a petition for post-conviction relief without holding an evidentiary hearing include: (1) the failure of the

petitioner to set forth specific operative facts to establish substantive grounds for relief, and (2) the operation of res judicata to bar the constitutional claims raised in the petition. *Id*.; *State v. Lentz*, 70 Ohio St.3d 527, 639 N.E.2d 784 (1994).

**{¶13}** Before a hearing is granted in proceedings for post-conviction relief upon a claim of ineffective assistance of trial counsel, the petitioner bears the initial burden to submit evidentiary material containing sufficient operative facts that demonstrate a substantial violation of any defense counsel's essential duties to his client and prejudice arising from counsel's ineffectiveness. *Calhoun* at 283. The trial court could give little or no weight to a self-serving affidavit. *Calhoun* at 283.

**{¶14}** Evidence outside the record alone does not guarantee the right to an evidentiary hearing. *State v. Curtis*, 5th Dist. Muskingum No. CT2018-0014, 2018-Ohio-2822. A petitioner advancing a post-conviction petition must present evidence which meets a minimum level of cogency to support his or her claims. *State v. Scott*, 5th Dist. Licking No. 15 CA 81, 15 CA 82, 2016-Ohio-3488. A self-serving affidavit filed by the petitioner generally does not meet his or her minimum level of cogency. *Id*.

**{¶15}** Furthermore, "[u]nder the doctrine of res judicata, a final judgment of conviction bars the defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment of conviction or on appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). A defendant who was represented by counsel is barred from raising an issue in a petition for post-conviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996). "It is well settled that, 'pursuant to res judicata, a defendant cannot raise an issue in a [petition] for

postconviction relief if he or she could have raised the issue on direct appeal.' " *State v. Elmore*, 5[th] Dist. Licking No. 2005-CA-32, 2005-Ohio-5940, ¶21 quoting *State v. Reynolds*, 79 Ohio St.3d 158, 161, 679 N.E.2d 1131 (1997).

**{¶16}** Appellant presents no evidence outside the record other than her own affidavit to support her claim that the drugs in her car belonged to the passenger, and that the passenger would have testified as such at trial. Appellant has failed to set forth sufficient operative facts to establish substantive grounds for relief. Therefore, the trial court properly denied Appellant's petition for post-conviction relief without holding a hearing.

**{¶17}** Upon review, we find that Appellant's arguments could have been raised via direct appeal of her original conviction and sentence. At the time of trial and direct appeal, Appellant claims she was aware that the contraband belonged to the passenger. Appellant did not raise ineffective assistance of trial counsel for not calling the passenger as a witness as an assignment of error on direct appeal. Therefore, the trial court properly denied Appellant's petition on the basis of res judicata. Accordingly, the trial court properly denied Appellant's petition for post-conviction relief without holding a hearing.

{¶18} Accordingly, Appellant's First Assignment of Error is overruled.

{¶19} For the foregoing reasons, judgment of the Court of Common Pleas of Coshocton County, Ohio, is hereby affirmed.

By: Wise, John, J.

Wise, Earle, P. J., and

Gwin, J., concur.

JWW/br 0428