[Cite as *State v. Ludwick*, 2023-Ohio-1113.]

0
IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 22CA9 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| Aaron Ludwick, | : | |
| Defendant-Appellant. | : | **RELEASED 3/29/2023** |

<u>APPEARANCES</u>:

Aaron Ludwick, Chillicothe, Ohio, pro se.

Anneka P. Collins, Highland County Prosecutor, and Adam J. King, Highland County
Assistant Prosecutor, Hillsboro, Ohio, for appellee.

Hess, J.

{¶1}    Aaron Ludwick appeals the trial court's decision denying his petition for
postconviction relief.  Ludwick contends that the trial court erred when it denied his
postconviction petition without conducting an evidentiary hearing. He argues that he was
denied his constitutional right to effective assistance of counsel because he had an alibi
his trial attorney did not pursue and his attorney failed to impeach the victim. He also
contends that the state used evidence in violation of his Fifth Amendment privilege and
there were multiple errors in the trial court's analysis of his postconviction relief petition
that cumulatively deprived him of a fair trial.

{¶2}    We reject Ludwick's contentions. A petitioner seeking postconviction relief
is not automatically entitled to a hearing. Before granting an evidentiary hearing, the trial
court must determine whether substantive grounds for relief exist. Here, the trial court

properly determined that substantive grounds for relief did not exist. The affidavits Ludwick contends were "alibis," were statements from friends or neighbors who claimed that during the times they visited Ludwick or were around him, they did not witness abusive behavior by Ludwick towards the victim. The trial court correctly held that such statements do not constitute "alibis," nor would they be relevant impeachment evidence. The trial court also reviewed the record and properly determined that none of the evidence Ludwick contends was obtained in violation of his Fifth Amendment was introduced as evidence at trial and, therefore, could not be the basis for vacating his convictions.

{¶3}    Finally, we reject his contention that there were cumulative errors in the trial court's consideration of his postconviction relief petition. The "cumulative errors doctrine" applies to errors that occur in the criminal trial. A postconviction relief petition is a collateral civil attack. We have reviewed the trial court's decision for "abuse of discretion" and found that the trial court's decision to deny the petition without an evidentiary hearing was not an abuse of discretion. And, to the extent Ludwig asserts the cumulative error doctrine to his underlying claims of error in the criminal trial, he failed to raise it in his postconviction relief petition and cannot raise it for the first time on appeal.

{¶4}    The trial court did not abuse its discretion when it denied Ludwick's petition for postconviction relief without a hearing. We affirm the judgment of the trial court.

## I. PROCEDURAL HISTORY

{¶5}    A jury convicted Ludwick on four counts of rape of his daughter, N.L., a minor being less than 10 years of age, in violation of R.C. 2907.02(A)(1)(b), and one count of rape of N.L. by force or threat of force, in violation of R.C. 2907.02(A)(2), all first-degree felonies. The trial court sentenced him to an 11-year prison term plus 4 consecutive terms

of life imprisonment without eligibility for parole and he was ordered a Tier III registered sex offender. Ludwick appealed, contending that the prosecution should not have been permitted to ask him about his sexual history, that his trial counsel rendered ineffective assistance for failing to object to certain testimony he argued was inadmissible and for failing to request the waiver of court costs, and that multiple errors cumulatively deprived him of a fair trial. We overruled his assignments of error and affirmed his convictions. *State v. Ludwick,* 4th Dist. Highland No. 21CA17, 2022-Ohio-2609.

**{¶6}** Ludwick filed a timely petition for postconviction relief. In the petition, Ludwick contended: (1) he was denied effective assistance of counsel because his attorney failed to research an alibi defense and impeach the victim's testimony and (2) the state used evidence at trial obtained after he had exercised his Fifth Amendment privilege.

**{¶7}** To support his first claim, Ludwick submitted his own affidavit in which he stated that he had given his trial attorney the names of eight people that he was associated with during the timeframe covered by the indictment. However, the first day of trial his attorney advised him that he was not going to call any witnesses. Ludwick also included the following four affidavits:

(1) Jameson Carpenter, who stated that he has known Ludwick since 2003 and he was Ludwick's neighbor from 2009 through 2011 and he "never witnessed any abuse nor odd behavior from Aaron towards his children or girlfriend."

(2) Nathaniel Peck, who stated that he has known Ludwick since 2009 and was a neighbor from 2010 until he moved. Peck stated that Aaron would be outside most of the time or quite often and after Ludwick moved away, Peck would visit him two to five times a week. All the times that Peck visited Ludwick, Peck saw no signs of Ludwick mistreating or neglecting his family in any shape or form.

(3) Travis A. Lowe, who stated that he met Ludwick in 1997 and never witnessed any signs of abuse towards his family.

(4) Donald R. Davy II, who stated that he was Ludwick's cousin and knew him his whole life. Davy stated that Ludwick was always outside with his neighbors when he lived in an apartment and Ludwick was always down at Davy's house when Ludwick moved from the apartment into a house. Davy stated that Ludwick "always had a [sic] open door policy" and "any family and friends was [sic] welcome in his home."

{¶8} To support his second claim, Ludwick stated in his affidavit that he had asserted his Fifth Amendment privilege but after he asserted it, he was forced by threats of criminal charges to turn over passcodes to his cellphone and a secure folder on his cellphone. Ludwick included excerpts from the trial testimony of Detective Vincent Antinore concerning photographs discovered on Ludwick's cellphone. In the excerpt Detective Antinore testified that he discovered "several photos with uh other women, various different other women that appeared in the same, I guess stature, then, small, dark hair, very much so resembled [victim]." Ludwick's attorney objected and the trial court sustained the objection and instructed the jury to disregard that testimony.

{¶9} The trial court denied Ludwick's first claim because it found that the affidavit testimony did not constitute alibi testimony, "The fact that the four affiants never witnessed his commission of the crime is not an alibi." Additionally, the trial court found that none of the four affidavits contained any allegations of falsity of any testimony of the victim and therefore did not impeach the victim:

> Therefore, the testimony of the four affiants would have been of no support to an alibi defense or to impeach N.A.L. The fact that none of them witnessed the crimes or any other conduct described by the girlfriend and daughter at trial is not impeachment any more than a friend testifying that he/she had never seen a friend accused of bank robbery commit the crime. The testimony would likely not been admissible as it was not relevant and had no probative value.

The trial court found that Ludwick had failed to establish an ineffective assistance of counsel claim because he failed to show any prejudicial error by counsel as to either his alibi or his impeachment contentions.

{¶10} In addressing his second claim, the trial court found that the photographs mentioned in Detective Antinore's testimony were not admitted into evidence and the testimony Detective Antinore presented concerning the photographs was objected to by counsel and that objection was sustained by the trial court. The transcript excerpt also includes the trial court's corrective instructions given to the jury to disregard it. The trial court also noted that Ludwick's counsel had filed a motion to suppress statements he made when he was interviewed in January 2021, based on the argument that Ludwick had asserted his Fifth Amendment privilege but was questioned by law enforcement after that. The state conceded that claim and stipulated that it would not seek to introduce Ludwick's statements made after he invoked the Fifth Amendment. Finally, even though Ludwick contended that he was coerced into giving his cellphone codes, there was no evidence obtained from the cellphone that was offered or admitted into evidence at the trial. Thus, the trial court found Ludwick's second claim lacked substantive grounds. The trial court denied Ludwick's petition for postconviction relief and ordered him to pay costs.

{¶11} Ludwick filed a timely appeal.

## II. ASSIGNMENTS OF ERROR

{¶12} Ludwick assigns the following errors for our review:

I. The Court erred by denying the defendant-appellant's petition for post-conviction relief without conducting an evidentiary hearing based upon petitioner's claim of ineffective assistance of counsel.

II. The Court erred in denying the defendant's petition for post-conviction relief without an evidentiary hearing. The State's us [sic] of information at

trial, obtained after the defendant exercised his [F]ifth [A]mendment privilege, violating the Fifth Amendment of the United State Constitution and Article 1 Section 10 of the Ohio Constitution.

III. The multiple errors cumulatively deprived the defendant, Mr. Ludwick, of his constitutional right to a fair trial. If this Court finds multiple errors occurred in this post-conviction relief petition appeal, but none individually warrant reversal, then this court should reverse under the cumulative-error doctrine.

## III. LAW AND ANALYSIS

### A. Standard of Review

**{¶13}** Generally we review decisions granting or denying a postconviction relief petition filed pursuant to R.C. 2953.21 under an abuse of discretion standard. *State v. Gondor*, 112 Ohio St.3d 377, 2006–Ohio–6679, 860 N.E.2d 77, ¶ 58. In *Gondor,* the Court recognized that the differences between a direct appeal and an appeal from a postconviction relief petition warranted different appellate standards of review. *Id.* at ¶ 53-54. The Court stated, "A postconviction claim is not an ordinary appeal: 'A postconviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment.' " *Id.* at ¶ 48, quoting *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994). The holding in *Gondor* broadly applies to all appellate postconviction petition review: "[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence." *Gondor* at ¶ 58; *State v. Black*, 4th Dist. Ross No. 15CA3509, 2016-Ohio-3104, ¶ 7. "A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable." *State v. Knauff*, 4th Dist.

Adams No. 13CA976, 2014–Ohio–308, ¶ 19, citing *Cullen v. State Farm Mut. Auto Ins. Co.*, 137 Ohio St.3d 373, 2013–Ohio–4733, 999 N.E.2d 614, ¶ 19.

{¶14} The postconviction relief process is a collateral civil attack on a criminal judgment rather than an appeal of the judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 1999-Ohio-102, 714 N.E.2d 905. The postconviction relief proceeding is designed to determine whether "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A)(1)(a). Postconviction review is not a constitutional right; instead, it is a narrow remedy that gives the petitioner no more rights than those granted by statute. *Id.* It is a means to resolve constitutional claims that cannot be addressed on direct appeal because the evidence supporting the claims is not contained in the record. *State v. Teets,* 4th Dist. Pickaway No. 17CA21, 2018-Ohio-5019, ¶ 14. "This means that any right to postconviction relief must arise from the statutory scheme enacted by the General Assembly." *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 35.

{¶15} A criminal defendant seeking to challenge a conviction through a petition for postconviction relief is not automatically entitled to an evidentiary hearing. *Calhoun* at 282, citing *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982). Before granting an evidentiary hearing, the trial court must determine whether substantive grounds for relief exist. R.C. 2953.21(D). In making such a determination, the court shall consider the petition, supporting affidavits, documentary evidence, and all the files and records from the case. *Calhoun* at 284 (noting that R.C. 2953.21 "clearly calls for discretion in determining whether to grant a hearing" on a petition for postconviction relief).

**{¶16}** "Substantive grounds for relief exist and a hearing is warranted if the petitioner produces sufficient credible evidence that demonstrates the petitioner suffered a violation of the petitioner's constitutional rights." *In re B.C.S.*, 4th Dist. Washington No. 07CA60, 2008-Ohio-5771, ¶ 11. Moreover, before a hearing is warranted, the petitioner must demonstrate that the claimed "errors resulted in prejudice." *Calhoun* at 283. A court may dismiss a petition for postconviction relief without a hearing when the petitioner fails to submit evidentiary material "demonstrat[ing] that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *Id.* at paragraph two of the syllabus. *See also State v. Lewis,* 4th Dist. Ross No. 10CA3181, 2011-Ohio-5224, ¶ 11; *State v. Slagle,* 4th Dist. Highland No. 11CA22, 2012-Ohio-1936, ¶ 14.

> A petitioner is not entitled to a hearing if his claim for relief is belied by the record and is unsupported by any operative facts other than Defendant's own self-serving affidavit or statements in his petition, which alone are legally insufficient to rebut the record on review. In reviewing petitions for post-conviction relief, a trial court may, in the exercise of its sound discretion, weigh the credibility of affidavits submitted in support of the petition in determining whether to accept the affidavit as true statements of fact. (Citations and internal quotations omitted.)

*State v. Quinn*, 2017-Ohio-8107, 98 N.E.3d 1184, ¶ 35 (2d Dist.); *see also State v. Smith*, 4th Dist. Highland No. 19CA16, 2020-Ohio-116, ¶16-19.

### B. Trial Court's Decision Not To Hold An Evidentiary Hearing

**{¶17}** Under R.C. 2953.21(D), the trial court must determine whether substantive grounds for relief exist before granting a hearing on a postconviction relief petition:

> Before granting a hearing on a petition filed under division (A)(1)(a)(i), (ii), (iii), or (iv) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the

indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript.

{¶18} The trial court reviewed Ludwick's argument, affidavit, and "alibi" affidavits and determined that none of them constituted "alibis" and none of them contained information that could be used for impeachment purposes. Therefore, the trial court concluded, Ludwick failed to establish that his counsel was ineffective for failing to call these witnesses to testify or to use their testimony as impeachment evidence in the case.

> To prevail on an ineffective assistance claim, a defendant must show: "(1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, ¶ 113, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Failure to satisfy either part of the test is fatal to the claim. *See Strickland* at 697. The defendant "has the burden of proof because in Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 62.

*State v. Ludwick*, 4th Dist. Highland No. 21CA17, 2022-Ohio-2609, ¶ 49.

{¶19} We have reviewed Ludwick's argument and affidavits and agree with the trial court's conclusions. The affidavits do not provide an alibi for Ludwick, they simply state that the individuals did not witness the crimes. They also do not constitute impeachment evidence. "Impeachment" means "to call in question the veracity of a witness, by means of evidence adduced for such purpose, or the adducing of proof that a witness is unworthy of belief." *Black's Law Dictionary* 678 (5th Ed. 1979). Evid.R. 607, 608, 609, 610, 613, and 616 all govern matters related to witness impeachment, which is when "the credibility of a witness may be attacked." The affidavit testimony Ludwick submitted with his postconviction relief petition is not impeachment evidence because the affidavits do not contain facts that contradict the victim's testimony, nor do they fall within

the other categories of admissible impeachment evidence outlined in the Ohio Rules of Evidence. Because the affidavits provide neither an alibi, nor an impeachment, Ludwick has failed to submit substantive grounds for relief on this claim.

**{¶20}** We have also reviewed Ludwick's argument concerning his Fifth Amendment privilege and his contention that the state used information obtained in violation of the Fifth Amendment. There is no evidence in the record that the state introduced photographs or testimony in violation of his Fifth Amendment rights. In the trial excerpt he submitted with his petition, his defense counsel objected to the detective's description of photographs on his cellphone, and the trial court sustained that objection and gave corrective instructions to the jury. "A jury is presumed to follow the instructions, including curative instructions, given it by a trial judge." *State v. Garner*, 74 Ohio St.3d 49, 59, 656 N.E.2d 623 (1995); *State v. Meddock*, 2017-Ohio-4414, 93 N.E.3d 43, ¶ 48 (4th Dist.). In absence of any indication to the contrary, the trial court rightly presumed that the jury followed the court's instructions. We find no merit to Ludwick's second claim.

**{¶21}** Based on a review of the petition, supporting documents, affidavits, and files and records from the case, we find that the trial court did not abuse its discretion in denying Ludwick's postconviction relief petition without an evidentiary hearing.

### C. Cumulative Errors

**{¶22}** For his third assignment of error, Ludwick contends that he was deprived of his constitutional right to a fair trial under the cumulative-error doctrine. He argues that the cumulative-error doctrine applies to the errors he alleges were committed by the trial court in its review of this postconviction relief petition and should merit a reversal of the trial court's decision denying his petition and an evidentiary hearing on it. Specifically, he

argues, "If the cumulative error doctrine can merit reversal of a conviction, it can most certainly merit reversal and an evidentiary hearing in this case." Ludwick cites no legal authority to support his assertion that the cumulative-error doctrine applies to a trial court's denial of a postconviction relief petition, which is a collateral civil attack on a judgment.

**{¶23}** Under the cumulative-error doctrine, "a conviction will be reversed where the cumulative effect of errors in a trial deprives a defendant of the constitutional right to a fair trial even though each of numerous instances of trial court error does not individually constitute cause for reversal." *State v. Garner*, 74 Ohio St.3d 49, 64, 656 N.E.2d 623 (1995), citing *State v. DeMarco*, 31 Ohio St.3d 191, 509 N.E.2d 1256 (1987), paragraph two of the syllabus; *State v. Ruble*, 2017-Ohio-7259, 96 N.E.3d 792, ¶ 75 (4th Dist.). "Before we consider whether 'cumulative errors' are present, we must first find that the trial court committed multiple errors." *State v. Smith*, 2016-Ohio-5062, 70 N.E.3d 150, ¶ 106 (4th Dist.), citing *State v. Harrington*, 4th Dist. Scioto No. 05CA3038, 2006-Ohio-4388, ¶ 57.

**{¶24}** The cumulative-error doctrine does not apply where the defendant "cannot point to 'multiple instances of harmless error.' " *See State v. Mammone*, 139 Ohio St.3d 467, 2014-Ohio-1942, 13 N.E.3d 1051, ¶ 148 ("And to the extent that Mammone more broadly invokes the doctrine of cumulative error, that doctrine does not apply because he cannot point to 'multiple instances of harmless error.' "); *State v. Fannon*, 2018-Ohio-5242, 117 N.E.3d 10, ¶ 124-125 (4th Dist.); *State v. Thacker*, 4th Dist. Lawrence No. 19CA18, 2021-Ohio-2726, ¶ 69-71.

**{¶25}** To the extent that Ludwick is invoking the cumulative-error doctrine for his claims of (1) ineffective assistance of counsel and (2) a Fifth Amendment violation, we find that he failed to raise this claim in his postconviction relief petition and cannot raise it on appeal for the first time. *State v. Barner*, 4th Dist. Meigs No. 19CA11, 2021-Ohio-654, ¶ 11 ("Barner's second assignment of error challenging the community control sanction was not raised in his petition for postconviction relief and is being raised for the first time on appeal. It is well settled that appellate courts will not consider errors raised for the first time on appeal.").

**{¶26}** To the extent Ludwick seeks to apply the cumulative-error doctrine to his petition for postconviction relief – a collateral civil attack – by arguing that the trial judge made multiple harmless errors in denying him an evidentiary hearing, we find that the question of whether the cumulative-error doctrine is applicable in the civil context appears to be a question of first impression in our district.

**{¶27}** The Supreme Court of Ohio has only applied the cumulative-error doctrine in the criminal context, but the Eight District Court of Appeals has applied the cumulative-error doctrine to civil appeals. *See Daniels v. Northcoast Anesthesia Providers, Inc.* 2018-Ohio-3562, 120 N.E.3d 52, ¶ 4-5 ("While the Ohio Supreme Court has only applied the cumulative error doctrine in the criminal context, this court has applied the cumulative error doctrine in an unbroken, 30-year line of civil appeals.") A number of other district have held that the cumulative-error doctrine is not employed in civil cases.

> [S]ome appellate districts do not apply the cumulative error doctrine to civil cases. *See, e.g., Wolf v. Rothstein*, 2016-Ohio-5441, 61 N.E.3d 1, ¶ 96 (2d Dist.); *J.P. v. T.H.*, 9th Dist. Lorain No. 14CA010715, 2016-Ohio-243, 2016 WL 363247, ¶ 35; *Stanley v. Ohio State Univ. Med. Ctr.*, 10th Dist. Franklin No. 12AP-999, 2013-Ohio-5140, 2013 WL 6157232, ¶ 124; *Lambert v. Wilkinson*, 11th Dist. Ashtabula No. 2007-A-0032, 2008-Ohio-2915, 2008

WL 2404736, ¶ 110. These appellate districts are not, however, emphatic in rejecting the cumulative error doctrine in the civil context because they note that the doctrine is not "typically" or "generally" applicable. *See, e.g., Stanley, supra*, at ¶ 124 ("the cumulative error doctrine is not typically employed in civil cases"); *Lambert, supra* ("the cumulative error doctrine is generally not applicable in civil cases."). In addition, two other appellate districts have not explicitly endorsed the application of the cumulative error doctrine in civil cases, but have rejected assignments of error on the assumption that it applied without actually deciding so. *See, e.g., State, Dept. of Natural Resources v. Mark L. Knapke Revocable Living Trust*, 2015-Ohio-470, 28 N.E.3d 667, ¶ 57 (3d Dist.) (assuming without finding that cumulative error applies in civil cases); *McQueen v. Goldey*, 20 Ohio App.3d 41, 50, 484 N.E.2d 712 (12th Dist.1984) ("Without addressing the relative merits of the cumulative error concept, we conclude that even if we were to accept and apply the concept to a civil case, the accumulation of harmless errors in the case at bar did not constitute prejudicial error.").

*Daniels* at ¶ 5; *see also* Painter and Pollis, *Ohio Appellate Practice,* Section 7:20 (Nov. 2022) ("Courts are divided on the question whether the cumulative-error doctrine applies in civil cases; the First, Fifth, Seventh and Eighth Districts have applied the doctrine in civil appeals, while the Second, Ninth, Tenth, and Eleventh Districts have rejected it."). We note that in all of the cases cited by the Eight District, the parties had appealed a judgment rendered following a civil trial. None of the cases involved postconviction relief petitions in which the cumulative-error doctrine was applied to the trial court's decision not to grant an evidentiary hearing.

**{¶28}** We need not answer the broader question of whether the cumulative-error doctrine is applicable to civil appeals generally. This is an appeal from a denial of a postconviction relief petition, which we review for "abuse of discretion." We have found no abuse of discretion by the trial court in deciding not to grant an evidentiary hearing before it denied Ludwick's petition. Thus, the cumulative-error doctrine has no relevance or application. We overrule Ludwick's third assignment of error.

IV. CONCLUSION

**{¶29}** We overrule Ludwick's assignments of error and affirm the judgment.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED.  Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the HIGHLAND COUNTY COURT OF COMMON PLEAS, to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
    Michael D. Hess, Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**