[Cite as *State v. Shamblin*, 2025-Ohio-2760.]

Released 7/29/25

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

State of Ohio,                          :

    Plaintiff-Appellee,          :       Case No. 24CA26

    v.                            :

                         :       DECISION AND

Ronald L. Shamblin, Jr.,              :       JUDGMENT ENTRY

                         :

    Defendant-Appellant.         :

_____

APPEARANCES:

Ronald A. Shamblin, Jr., Orient, Ohio, Appellant, pro se.

Jayme Hartley Fountain, Pickaway County Prosecutor, Circleville, Ohio, for
Appellee.

_____

Smith, P.J.

{¶1} Appellant, Ronald L. Shamblin, Jr., appeals the judgment of the

Pickaway County Court of Common Pleas denying his petition for postconviction

relief, which was filed during the pendency of his direct appeal from his

convictions for failure to comply with an order or signal of a police officer and

operating a motor vehicle while under the influence of alcohol or drug of abuse.

In the present appeal, he contends that the trial court abused its discretion when

denying his postconviction claim of ineffective assistance of counsel.  However,

because we find no merit to the arguments raised under appellant's sole assignment of error, it is overruled and the judgment of the trial court is affirmed.

FACTS

{¶2} On July 7, 2022, appellant was indicted on one count of failure to comply with an order or signal of a police officer and two counts of operating a motor vehicle while under the influence of alcohol or drug of abuse. The indictment stemmed from an event that occurred on April 7, 2022, that started with appellant being approached by law enforcement while he was sitting in his car in a parking lot. Appellant then led law enforcement on a high-speed chase in Pickaway County, Ohio that ultimately ended in his arrest by Sergeant Donald Mayse. The record indicates that because appellant was essentially incoherent at the time of his arrest, he was transported to Berger Medical Center for evaluation. Detective Bour obtained a search warrant for appellant's blood to be drawn to determine if he was under the influence. After the blood was drawn and appellant was cleared, Detective Bour transported appellant to the Pickaway County jail. Test results later confirmed that appellant was under the influence of both alcohol and methamphetamine.

{¶3} Appellant pled not guilty to the charges, counsel was appointed, and discovery was requested and provided. Discovery provided by the State included, among other things, an "Ashville Police Department Summary of Crime and

Incident report," "various bodycam/dashcam footage from different agencies," and "blood draw search warrant and chain of custody." The matter proceeded to a jury trial on April 3, 2023. Just prior to the start of trial, the trial court granted the State's motion to amend the indictment by dismissing count three, which was one of the operating a vehicle under the influence of alcohol or drug of abuse charges.

{¶4} The arresting officer, Sergeant Mayse, testified on behalf of the State at trial. He testified that although he was the arresting officer, Detective Bour assisted by obtaining a search warrant and accompanying appellant to the hospital. He further testified that the blood sample was submitted for testing and ultimately revealed that appellant's blood alcohol level was twice the legal limit. The test results also indicated the presence of methamphetamine.

{¶5} Appellant testified in his own defense at trial. He claimed that Sergeant Mayse did not look like the officer that arrested him, stating that the arresting officer was wearing "yellow glasses" that looked like "swim goggles" Michael Phelps wore, along with a vest and biker shorts. It was like nothing he had ever seen before. He also claimed that he was simply tired and had been sleeping when he was initially approached by the officer in the parking lot. He testified that he had been told he was free to leave on the day in question. He further denied having taken methamphetamine and testified that he was surprised by the test results.

{¶6} Appellant was eventually found guilty as charged on counts one and two. He was sentenced to a 30-month prison term on count one, as well as a 30-month prison term on count two, to be served consecutively. He filed a direct appeal of his convictions on May 2, 2023. While his direct appeal was still pending, on July 1, 2024, appellant filed a petition to vacate or set aside his judgment of conviction and sentence claiming he was entitled to postconviction relief under R.C. 2953.21.

{¶7} His petition alleged that he received ineffective assistance of trial counsel by virtue of defense counsel's failure to file a motion to suppress the results of the blood test, despite appellant's repeated requests that he do so. In support of his petition he attached his own sworn affidavit, as well as a document entitled "unofficial transcript," which consisted of a written transcript of a conversation that took place between two unknown officers regarding an unknown individual. The State opposed appellant's petition and it was denied by the trial court on August 6, 2024 without a hearing.

{¶8} Appellant then filed a pro se appeal from that decision on August 27, 2024, setting forth a single assignment of error, as set forth below. After the filing of the notice of appeal from the denial of his petition for postconviction relief, this Court issued a decision and judgment entry on November 15, 2024, affirming the judgment of the trial court.

ASSIGNMENT OF ERROR

I.      THE TRIAL COURT ABUSED ITS DISCRETION
        WHEN        DENYING        APPELLANT'S
        POSTCONVICTION  CLAIM  OF  INEFFECTIVE
        ASSISTANCE  OF  DEFENSE  COUNSEL  FOR
        FAILING TO MOVE TO SUPPRESS THE BLOOD
        DRAW.

{¶9} In his sole assignment of error, appellant contends that the trial court abused its discretion when denying his postconviction claim of ineffective assistance of counsel for failing to file a motion requesting suppression of the blood test results, which he claims were illegally obtained as a result of a warrantless blood draw. In support of his contention, appellant argues that the trial court failed to properly consider both the affidavit filed in support of his motion and the "unofficial transcript" attached as an exhibit to the motion. Appellant argues that, at a minimum, the trial court should have held an evidentiary hearing prior to denying his petition.

{¶10} The State, however, contends that the arguments raised in appellant's petition for postconviction relief should have been raised on direct appeal and were not appropriate as postconviction claims. In making this argument, the State notes that the information alluded to in the petition as well as the attached documents appear to have been derived from the audio and video recordings of the stop and arrest, and that these recordings, as well as the search warrant, were made available

to the defense prior to the jury trial. The State further argues that the trial court did

not err in denying the petition on the merits.

Standard of Review

{¶11} "[A] trial court's decision granting or denying a postconviction

petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of

discretion[,]" and "a reviewing court should not overrule the trial court's finding on

a petition for postconviction relief that is supported by competent and credible

evidence." *State v. Gondor*, 2006-Ohio-6679, ¶ 58. "This standard applies to both

a merit review and a dismissal occurring without a hearing." *State v. Ross*, 2018-

Ohio-4105, ¶ 11 (4th Dist.). "A trial court abuses its discretion when its decision is

unreasonable, arbitrary, or unconscionable." *State v. Knauff*, 2014-Ohio-308, ¶ 19

(4th Dist.), citing *Cullen v. State Farm Mut. Auto Ins. Co.*, 2013-Ohio-4733, ¶ 19.

{¶12} "In Ohio, persons convicted of criminal offenses may petition a trial

court for postconviction relief if they fit into one of four categories." *State v.*

*Miller*, 2023-Ohio-3448, ¶ 19 (Kennedy, C.J., concurring in judgment), citing R.C.

2953.21(A)(1)(a)(i) through (iv). Relevant here is R.C. 2953.21(A)(1)(a)(i), which

provides as follows:

> (A)(1)(a) A person in any of the following categories may file a
> petition in the court that imposed sentence, stating the grounds
> for relief relied upon, and asking the court to vacate or set aside
> the judgment or sentence or to grant other appropriate relief:

(i) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States[.]

{¶13} "A criminal defendant seeking to challenge a conviction through a petition for postconviction relief is not automatically entitled to an evidentiary hearing." *State v. Ludwick*, 2023-Ohio-1113, ¶ 15 (4th Dist.), citing *State v. Calhoun*, 86 Ohio St.3d 279, 282 (1999). R.C. 2953.21 "provides three methods for adjudicating the petition." *State v. Barron*, 2023-Ohio-1249, ¶ 9 (12th Dist.).

[T]he trial court may (1) summarily dismiss the petition without holding an evidentiary hearing, (2) grant summary judgment on the petition to either party who moved for summary judgment, or (3) hold an evidentiary hearing on the issues raised by the petition.

*Id.*, citing R.C. 2953.21(D)-(F).

{¶14} Before granting a hearing, the court "shall determine whether there are substantive grounds for relief." R.C. 2953.21(D). R.C. 2953.21(D) further provides that

In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript.

*Id.*

" 'Substantive grounds for relief exist and a hearing is warranted if the petitioner produces sufficient credible evidence that demonstrates the petitioner suffered a violation of the petitioner's constitutional rights.' " *Ludwick* at ¶ 16, quoting *In re B.C.S.*, 2008-Ohio-5771, ¶ 11 (4th Dist.).

{¶15} "Moreover, before a hearing is warranted, the petitioner must demonstrate that the claimed 'errors resulted in prejudice.' " *Id.*, quoting *Calhoun* at 283. "[A] trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *Calhoun* at paragraph two of the syllabus (discussing former R.C. 2953.21(C), which is similar to the current version of R.C. 2953.21(D)). "Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending." R.C. 2953.21(F).

{¶16} In *Calhoun*, The Supreme Court of Ohio explained as follows:

> In reviewing a petition for postconviction relief filed pursuant to R.C. 2953.21, a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge the credibility of the affidavits in determining whether to accept the affidavits as true statements of fact.

*Calhoun* at paragraph one of the syllabus.

"An affidavit, being by definition a statement that the affiant has sworn to be truthful, and made under penalty of perjury, should not lightly be deemed false." *Id.* at 284.  In assessing an affidavit's credibility, the court "should consider all relevant factors," including

> (1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial.

*Id.* at 285.

## Legal Analysis

{¶17} Appellant's petition for postconviction relief filed below essentially claimed that trial counsel was ineffective for failing to file a motion to suppress the results of the blood draw.  In support of this argument, appellant attached his own affidavit claiming that he was not intoxicated at the time of the stop and that Sergeant Mayse was not the officer that initially approached him.  He further averred that he was never taken to the hospital, that he was not served with a warrant, and that his blood was drawn at the jail by what he initially thought was a "male nurse," but later recognized to be Sergeant Mayse when he saw him at trial.

{¶18} Appellant also averred that he had requested his trial counsel file a motion to suppress the blood test results on four different occasions. Also attached in support of his petition was an "unofficial transcript" apparently provided to him by his appellate counsel, which contained dialog that occurred between two unnamed officers regarding an unnamed individual. The transcript contained references to taking someone "in" to have bloodwork done on him, questioning whether a blood draw could be done without a warrant.

{¶19} We initially note that the failure to file a motion to suppress does not constitute per se ineffective assistance of counsel. *State v. Madrigal*, 87 Ohio St.3d 378, 389. "Instead, the failure to file a motion to suppress amounts to ineffective assistance of counsel only when the record demonstrates that the motion would have been successful if made." *State v. Walters*, 2013-Ohio-772, ¶ 20 (4th Dist.), citing *State v. Resendiz*, 2009-Ohio-6177, ¶ 29 (12th Dist.), in turn citing *State v. Brown*, 2002-Ohio-5455, ¶ 11 (12th Dist.). According to *Resendiz*, we are to presume that trial counsel was effective if he could have reasonably decided that filing a suppression motion would be a futile act, even if there is some evidence in the record to support a motion. *Resendiz* at ¶ 29.

{¶20} The trial court denied appellant's petition without holding a hearing. In denying the petition, the trial court noted that the failure to file a motion to suppress is not per se ineffective assistance of counsel. The trial court referenced

appellant's arguments but cited the fact that the evidence in the record showed that a search warrant was not only obtained, but it was provided to the defense. The trial court also noted Mayse's trial testimony that he did not draw appellant's blood, but rather, Detective Bour accompanied appellant to the hospital where the blood was drawn by a trained technician. Based upon this information, the trial court found that trial counsel did not provide ineffective assistance but instead made a strategic decision not to seek suppression of the evidence. We conclude that the trial court did not abuse its discretion in reaching its decision because, viewing the totality of the evidence contained in the record, we believe it was reasonable for trial counsel to conclude that filing a motion to suppress would be futile.

{¶21} A review of the record indicates that the State provided discovery to appellant which included audio and video recordings of the arrest and search of the vehicle, as well as the search warrant that was issued for appellant's blood to be drawn and the later chain of custody. Thus, the defense would have been in possession of this information. This evidence was introduced at trial to demonstrate appellant's arrest, the collection and testing of his blood, and the ultimate test results demonstrating appellant was under the influence of both methamphetamine and alcohol at the time of the incident. The only evidence attached in support of appellant's petition for postconviction relief was his own

affidavit, which contradicted all of the evidence in the record and introduced at trial, and an "unofficial transcript" between two unnamed individuals that provided no material evidence of any consequence.

{¶22} The affidavit made unsupported allegations that Sergeant Mayse was not the officer who arrested him, that he was never transported to the hospital, and that he awoke in a jail cell to Sergeant Mayse drawing his blood without a search warrant. His affidavit also alleged that he requested that his trial counsel file a motion to suppress the blood test results on at least four different occasions prior to trial. Furthermore, with respect to the "unofficial transcript," the transcription appears to have been taken down informally from one of the audio or video tapes and it fails to identify any of the speakers to whom they are referring. Moreover, the audio and video tapes of the encounter were provided to the defense during discovery and thus, their contents were known at the time of trial, and more importantly, prior to appellant's direct appeal.

{¶23} Based upon the foregoing, we cannot conclude that appellant's petition, nor the affidavit and exhibits attached in support of his petition, required the trial court to hold a hearing prior to issuing its decision. As recently explained by the Fifth District Court of Appeals:

> Before a petitioner can be granted a hearing in proceedings for post-conviction relief upon a claim of ineffective assistance of counsel, petitioner bears the initial burden to submit evidentiary quality material containing sufficient operative facts that

demonstrate a substantial violation of any of trial counsel's essential duties in addition to prejudice arising from that ineffectiveness. *State v. Church*, 2018-Ohio-368, 2018 WL 618699 (5th Dist.), citing *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999). Further, the Supreme Court of Ohio has held that the proper basis for dismissing a petition for post-conviction relief without holding an evidentiary hearing includes the failure of the petitioner to set forth specific operative facts to establish substantive grounds for relief. *State v. Lentz*, 70 Ohio St.3d 527, 639 N.E.2d 784 (1994).

*State v. Hayes*, 2025-Ohio-121, ¶ 21 (5th Dist.).

Further, as noted in *Hayes*, "[a] trial court's decision to deny a petition for postconviction relief without holding an evidentiary hearing is left to the sound discretion of the trial court." *Hayes* at ¶ 23, citing *State v. Lichtenwalter*, 2021-Ohio-1394, ¶ 45 (5th Dist.).

{¶24} Additionally, as succinctly stated in *Hayes*:

R.C. 2953.21 does not mandate a hearing for every postconviction relief petition and a hearing is not automatically required. In *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980), the Ohio Supreme Court has stated whether a hearing must be held hinges on whether there are substantive grounds for relief based upon the petition, supporting affidavits, and files and records of the case. The Court further explained "[b]road assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction relief petitions." *Id.* at 111, 413 N.E.2d 819. Rather, a petitioner must submit evidentiary quality documents containing sufficient operative facts to support his claim before an evidentiary hearing will be granted. Accordingly, "a trial court properly denies a defendant's petition for post-conviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to

> establish substantive grounds for relief." *Calhoun*, 86 Ohio St.3d at paragraph two of the syllabus, 714 N.E.2d 905; see R.C. 2953.21(C). A petitioner advancing a post-conviction petition must present evidence which meets a minimum level of cogency to support his claims. *State v. Scott*, 2016-Ohio-3488, (5th Dist.). A self-serving affidavit filed by the petitioner generally does not meet this level of cogency. *Id.*

*Hayes* at ¶ 28

{¶25} Here, we conclude that appellant's affidavit was unsupported and self-serving and did not meet the level of cogency required to support his claim for post-conviction relief. The claims contained in the affidavit are completely contradicted by the evidence in the record and introduced at trial and are unsupported by other evidence. Further, we find the "unofficial transcript" fails to support appellant's affidavit and further fails to provide any evidentiary value at all, as none of the speakers are identified and the transcript fails to describe anything of any relevance or significance occurring.

{¶26} Moreover, although the trial court did not mention res judicata in its decision, we agree with the State's assertion that the issues raised by appellant could have and should have been raised on direct appeal and therefore, were barred by the doctrine of res judicata. *Hayes* at ¶ 29. The Supreme Court of Ohio recently explained as follows:

> The doctrine of res judicata bars someone from raising a claim that could have been raised and litigated in a prior proceeding. *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). So a court reviewing a postconviction-relief petition

> generally may not decide a claim that could have been presented at trial and raised on direct appeal. *Id.* at 180, 226 N.E.2d 104. There's a twist when it comes to claims of ineffective assistance of counsel. We have held that res judicata does not bar a postconviction ineffective-assistance-of-counsel claim when either (1) the petitioner had the same attorney at trial and on appeal or (2) he must rely on evidence outside the trial record to establish his claim for relief. *State v. Cole*, 2 Ohio St.3d 112, 113-114, 443 N.E.2d 169 (1982). The converse is that when the petitioner had a new attorney on appeal and the claim could have been litigated based on the trial record, res judicata applies and the postconviction claim is barred. *Id.*

*State v. Blanton*, 2022-Ohio-3985, ¶ 2.

For this exception to the application of the doctrine of res judicata to apply on postconviction claims, " 'the evidence must be genuinely relevant, and it must materially advance a petitioner's claim that there has been a denial or infringement of his or her constitutional rights.' " *State v. Gregory*, 2024-Ohio-5420, ¶ 54 (6th Dist.), quoting *State v. Lawson*, 103 Ohio App.3d 307, 315 (12th Dist.), in turn citing *State v. Sopjack*, 1997 WL 585904 (11th Dist. Aug. 22, 1997).

{¶27} First, appellant was represented below and had new and different counsel for his direct appeal. Second, we conclude appellant's postconviction claims could have been litigated based upon the trial record. If appellant believed he was provided with ineffective assistance of counsel at the trial court level by virtue of his counsel's failure to file a motion to suppress, that was apparent at the time of his conviction and he should have raised that argument on direct appeal. Despite the fact that appellant's direct appeal was pending at the time he filed his

petition for postconviction relief, the trial court was permitted to apply this doctrine to dismiss appellant's petition. R.C. 2953.21(F). *See also State v. Carver*, 2022-Ohio-2653, ¶ 41 (4th Dist.) ("We now hold that a defendant's pending direct appeal does not bar application of the doctrine of res judicata to a defendant's postconviction petition."). Third, for the same reason that appellant's petition failed upon the merits (failure to set forth specific operative facts to establish substantive grounds for relief), we conclude appellant's petition was subject to the application of the doctrine of res judicata. *Carver* at ¶ 21.

{¶28} In *Carver*, we explained that in order to overcome the barrier of res judicata, a petition must include "competent, relevant, and material evidence *outside of the record established in the trial court that was not in existence or available for use at trial*." *Id.* at 21, citing *State v. Jackson*, 2002-Ohio-3330, ¶ 45 (10th Dist.). " 'Such evidence "must meet some threshold standard of cogency; otherwise it would be too easy to defeat [the doctrine of res judicata] by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery." ' " *Carver* at ¶ 21, quoting *Cunningham, supra*, at ¶ 16, in turn quoting *State v. Lawson*, 103 Ohio App.3d 307 (12th Dist. 1995); *State v. Seal*, 2014-Ohio-5415, ¶ 13 (4th Dist.). Although appellant relies on the "unofficial transcript" as evidence purportedly outside of the record in support of his petition, we have

concluded that the document was allegedly transcribed from either a video or audio recording that was provided by the State during discovery. Further, we conclude the "unofficial transcript" does not meet the minimum level of cogency required in that it was not only vague and inconclusive, it was not relevant or material to the issues raised herein. Thus, it cannot act as a bar to the application of the doctrine of res judicata to appellant's postconviction claims.

{¶29} In light of the foregoing, we cannot conclude that the trial court erred or abused its discretion in denying appellant's petition for postconviction relief without holding a hearing. We alternatively conclude that the ineffective assistance of counsel claims raised in appellant's petition for postconviction relief were barred by the doctrine of res judicata. Thus, having found no merit in appellant's sole assignment of error, it is overruled. Accordingly, the judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Wilkin, J. concur in Judgment and Opinion.

For the Court,

_____
Jason P. Smith
Presiding Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**